UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ZIMMER INC., and ZIMMER TECHNOLOGY INC., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | CAUSE NO. 3:02-CV-425 AS |
| HOWMEDICA OSTEONICS CORP., ) ) | |
| Defendant. ) | |

**ORDER AND OPINION**

Currently pending in this case are six motions to compel discovery. This Court held an in-court hearing on February 2, 2006, to address the pending discovery motions. For the reasons stated in open court and in this order, this Court enters the following orders with regards to the pending motions to compel discovery.

**I.     APPLICABLE LAW**

Fed. R. Civ. P. 26 (b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26 (b)(1). For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Chavez v. Daimler Chrysler, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978)).

This Court has broad discretion when deciding whether to compel discovery. Fed. R. Civ. P. 26(c); Sattar v. Motorola, Inc., 138 F.3d 1164, 1171 (7th Cir. 1998) ("[D]istrict courts

have broad discretion in matters related to discovery."); <u>Gile v. United Airlines, Inc.</u>, 95 F.3d 492, 495-96 (7th Cir. 1996) ("The district court exercises significant discretion in ruling on a motion to compel."). In ruling on a motion to compel, "a district court should independently determine the proper course of discovery based upon the arguments of the parties." <u>Gile</u>, 95 F.3d at 496.

**II.    ANALYSIS**

Plaintiff has filed four motions to compel discovery. Plaintiff's first motion to compel seeks an unredacted copy of Defendant's license to U.S. Patent '920 and documents related to the royalties associated with the patent. In addition, Plaintiff's second motion to compel seeks an unredacted list of Defendant's sales personnel. Plaintiff's third motion requests copies of Defendant's 510(k) materials. Finally, Plaintiff's fourth motion seeks to compel complete production of all of Defendant's damages information. Under the liberal discovery standards, this information could reasonably lead to other matters that may bear on any issue that is or may be in this case. Therefore, the information is relevant for discovery purposes.

Furthermore, at the hearing, Defendant acknowledged that none of this information was protected by a privilege. At the hearing, Defendant raised concerns that this information was highly sensitive information. On June 27, 2005, this Court approved the parties' joint protective order in order to protect sensitive business information. Thus, this Court may assume that the protective order provides sufficient protection for the business documents. If, however, the joint protective order was not sufficient to protect this information, and the materials were entitled to greater protection, it was the Defendant's responsibility to file a motion for a protective order.

Defendant did not do so. Consequently, Plaintiff's motions [Doc. Nos. 142, 149, 151, & 196] are **GRANTED**.

Defendant's motion to compel discovery requests production of Plaintiff's financial documents. In particular, Defendant asserts that it has not received a copy of the "consolidated profit loss statement." Plaintiff's counsel asserted in open court that it has produced all of the materials that it has in its possession that conform to Defendant's discovery requests. As this Court cannot order Plaintiff to produce something that Plaintiff asserts it does not have, Defendant's motion [Doc. No. 159] is **DENIED AS MOOT**. Parties are reminded of their obligation under Fed. R. Civ. P. 26 to supplement their discovery should conforming documents surface at a later time.

On January 30, 2006, Defendant filed a motion to compel Plaintiff to respond to Interrogatory 8 [Doc. No. 232]. After hearing preliminary arguments on this motion, this Court now takes this motion under advisement. Plaintiff has until **February 6, 2006**, to file a response to the motion. Defendant has until **February 8, 2006**, to file a reply.

### III.  ANCILLARY MATTERS

In light of this Court's rulings on the discovery motions, this Court now extends the following deadlines. Defendant has until **February 17, 2006**, to produce the requested discovery materials in conformity with this order. Supplemental expert reports for the party bearing the burden of proof on an issue shall be served by **March 2, 2006**. Rebuttal expert reports are due by **April 3, 2006**. The deadline for the completion of all discovery is now **May 31, 2006**.

### IV.  CONCLUSION

3

For the aforementioned reasons, this Court rules as follows:

- **GRANTS** Plaintiff's motions to compel [Doc. Nos. 142, 149, 151, & 196];
    - Defendant has until **February 17, 2006**, to produce the discovery materials that conform with Plaintiff's requests;

- **DENIES AS MOOT** Defendant's motion to compel [Doc. No. 159];

- Takes under advisement Defendant's motion to compel Plaintiff to answer Interrogatory 8 [Doc. No. 232];
    - Plaintiff shall file a response to Defendant's motion by **February 6, 2006,** and Defendant shall file a reply by **February 8, 2006**;

- Extends the following deadlines:
    - Supplemental expert reports for the party bearing the burden of proof on an issue shall be served by **March 2, 2006**;
    - Rebuttal expert reports are due by **April 3, 2006**;
    - The deadline for the completion of all discovery is **May 31, 2006**.

**SO ORDERED.**

Dated this 2nd Day of February, 2006.

>                             s/Christopher A. Nuechterlein
>                             Christopher A. Nuechterlein
>                             United States Magistrate Judge