UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ZIMMER TECHNOLOGY, INC. and ZIMMER, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )   3:02-CV-425 ) |
| HOWMEDICA OSTEONICS CORP. | ) ) |
| Defendant. | ) |

## MEMORANDUM, ORDER & OPINION

This matter is before the Court on Zimmer's Motion to Strike (Docket No. 315), Howmedica's Motion for Leave to File a Dispositive Motion Based on Newly Discovered Evidence (Docket No. 329), and Howmedica's Motion for Clarification (Docket No. 340). Oral arguments were heard in South Bend, Indiana on August 17, 2006, and the issues have been fully briefed.

### I.  Procedural History

Pursuant to an order from the Court on October 12, 2005, the parties were given until January 3, 2006 to file summary judgment motions without leave of court.[1]  Docket No. 129. On January 4, 2006, the scheduling order was modified, giving the parties until January 24, 2006 to file dispositive motions.  Docket No. 194.  On November 14, 2005, the Court modified the scheduling order and extended the discovery deadline to March 31, 2006.  Then, on February 2, 2006, the discovery deadline was extended until May 31, 2006.  On March 7,

---

[1] A Discovery Scheduling Order was later entered on October 25, 2005.  *See* Docket No. 132.

2006 the discovery deadline was once again extended until June 16, 2006. However, throughout all of the discovery deadline extensions, the dispositive motion deadline remained unchanged. On June 23, 2006, approximately one week after the discovery deadline had passed, Zimmer filed a Motion to Strike (Docket No. 315), and on August 1, 2006, Howmedica filed a Motion for Leave to File a Dispositive Motion Based on Newly Discovered Evidence (Docket No. 329). The Court will consider each motion individually.

### III.  Zimmer's Motion to Strike (Docket No. 315)

On June 23, 2006, Zimmer filed a motion to strike an alleged prior art reference, the Hospital for Special Surgery ("HSS") Documents, and expert opinions based on the HSS Documents ("HSS Documents" or "1978 HSS implant"). Docket No. 315. Zimmer's motion to strike asserts that the HSS Documents and expert opinions based on the HSS Documents should be stricken because of untimely disclosure.[2] Docket No. 315. In the alternative, Zimmer requests that this Court permit Zimmer to conduct "rebuttal discovery on Howmedica's new theories, documents, and potential witnesses" and set forth a suggested schedule for that limited discovery. Docket No. 315 at 8-9. Zimmer asserts that this limited discovery exception to this Court's scheduling order should apply to Zimmer only.

Zimmer contends that on June 1, 2006, "one business day before the scheduled June 5, 2005 deposition of Dr. Richard Laskin, . . . Zimmer learned for the first time" about the 1978 HSS implant documents through a supplemental expert report of Dr. Laskin. Docket No. 315

---

[2]In the alternative, Zimmer requested that the discovery schedule be modified to allow it further discovery on the HSS documents.

2

at 1. Zimmer further states that on June 2, 2006, Howmedica served a supplemental interrogatory asserting invalidity under 35 U.S.C. §§ 102 (a) or (b) or § 103 and that more documents from HSS were produced by Howmedica on June 16, 2006. Zimmer states, "[t]he last-minute production from Howmedica occurred despite the fact that Howmedica has had direct access to the HSS files through its experts who were retained long ago." Docket No. 315 at 3. Zimmer argues:

> [t]here is no justification for Howmedica's failure to procure the documents before late May 2006, and no justification for its failure to prepare the theories it now seeks to add until – literally – the last day of discovery and the two weeks before hand. This is unfair and prejudicial to Zimmer because Zimmer cannot properly investigate and analyze these references in the remaining time permitted under the Scheduling Order.

Docket No. 315 at 4. Notably, Zimmer cites to no Federal Rule or case in support of its motion and relies solely on attorney argument.

Federal Rule of Civil Procedure 26 governs discovery related to expert witnesses and states that a party must submit a written report prepared and signed by that party's purported expert witness. Fed.R.Civ.P. 26(a)(2)(B). The report "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor." *Id*. Expert reports and other discovery is subject to the discovery schedule set forth by the Court. A party has an ongoing duty to supplement its disclosures, including testimony by an expert in both the expert's report and deposition, if "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed.R.Civ.P. 26(e)(1). Pursuant to Federal Rule of Civil Procedure 26(a)(3), a party must disclose its supplementation of expert testimony no later than 30 days before trial, unless otherwise

3

directed by the court. *Id.;* Fed. Civ. P. 26(a)(3). Additionally, Federal Rule of Civil Procedure 37 directs that a "party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence . . . on a motion any witness or information not so disclosed." Fed.R.Civ.P. 37(c)(1).

Here, the Court ordered that all discovery be completed no later than June 16, 2006. Howmedica produced supplemented expert report of Dr. Laskin – including the 1978 HSS implant – on June 1, 2006 and supplemented its interrogatory responses on June 2, 2006 and June 16, 2006. Howmedica supplemented its expert report to include the 1978 HSS implant documents in a timely manner and seasonably amended its interrogatory responses related to the 1978 HSS implant within the parameters of the Court's scheduling order and in compliance with Federal Rules of Civil Procedure 26 and 37. For that reason, Zimmer's motion to strike is **DENIED**.

Zimmer was on notice of this new discovery two weeks prior to the close of discovery. In its motion, Zimmer admits that "[b]ecause there were only two weeks left in the discovery schedule . . . Zimmer sought Howmedica's cooperation in agreeing to request from the Court an extension for limited discovery by Zimmer past the June 16th deadline." Docket No. 315 at 2. What Zimmer did not seek, though, was an extension of the discovery deadline from this Court until June 23, 2006, approximately one week after the close of discovery. Whether Zimmer and Howmedica were able to reach an agreement regarding an individual discovery extension for Zimmer or a joint discovery extension by both parties matters not;

4

that issue could have been resolved by this Court if it had been presented to the Court in a timely manner. Zimmer chose how to conduct its discovery in this case by not addressing the 1978 HSS implant at its June 5, 2006 deposition of Dr. Laskin and by not seeking a discovery extension to re-depose Dr. Laskin and undertake further discovery of the 1978 HSS implant and related documents until discovery has closed.

The time for discovery in this case has passed. As is clear from the numerous modifications to the Court's scheduling order, the parties have had more than enough time to compile the evidence necessary to litigate this case. No further delays will be allowed. Accordingly, Zimmer's motion in the alternative that this Court permit Zimmer to conduct rebuttal discovery the 1978 HSS implant and set forth a suggested schedule for that limited discovery is also **DENIED**.

### IV. Howmedica's Motion for Leave to File (Docket No. 329)

On August 1, 2006, Howmedica filed a motion for leave to file a dispositive motion based on the 1978 HSS implant documents. Docket No. 329. Therein, Howmedica asserted that: (1) it first became aware of the 1978 HSS implant on May 23, 2006; (2) the 1978 HSS implant discloses every element of the claimed invention of the '313 patent; and (3) good cause exists to grant Howmedica leave to file a dispositive motion on the newly discovered 1978 HSS implant prior art. Docket No. 329 at 1-2.

Fed. R. Civ. P. 16 provides in part:

> (B) [The district court] . . . shall, after consulting with the attorneys for the parties and any unrepresented parties, by a scheduling conference, . . . enter a scheduling order that limits the time

5

>    (1) to join other parties and to amend the pleadings;
>    (2) to file and hear motions; and
>    (3) to complete discovery.
>    . . .
>
>    A schedule shall not be modified except by leave of . . . [the district court] upon a showing of good cause.

Fed. R. Civ. P. 16. *See Tschantz v. McCann*, 160 F.R.D. 568, 570-71 (N.D. Ind. 1995); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). *See also, Gestetner Corp.v, Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)(a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril"). If good cause is shown, the party seeking to amend a pleading after the date specified in a scheduling order must also demonstrate that the amendment is proper under Fed. R. Civ. P. 15.[3] *Johnson*, 975 F.2d at 608 (citing *Fortsmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987).

"A court's evaluation of good cause is not co-extensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Tschantz*, 160 F.R.D. at 571 (quoting *Fortsmann*, 114 F.R.D. at 85). Rather, the inquiry under the "good cause" standard focuses on the diligence of the party seeking the amendment. *Johnson*, 975 F.2d at 609. A party seeking to amend a pleading beyond the discovery deadline must show that, despite its diligence, the time table could not reasonably have been met. *Johnson*, 975 F.2d at 609; *Amcast Industrial Corp., v. Detrex Corp.*, 132 F.R.D. 213, 218 (N.D. Ind. 1990). And the

---

[3] It is within the district court's discretion to grant or deny a motion to amend a complaint, and leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a).

6

absence of prejudice to the non-moving party, while relevant under Rule 15(a), does not fulfill the "good cause" standard requirement of Rule 16(b).

Howmedica seeks leave file a dispositive motion based on the 1978 HSS implant, arguing that the 1978 HSS implant discloses every element of the claimed invention of the '313 patent. Howmedica's motion for leave to file a dispositive motion is not timely. It comes nearly four years after this case was filed and after three rounds of dispositive motions. Howmedica has waited until the end of this litigation to raise a new claim of invalidity. Howmedica filed its motion for leave to file a dispositive motion based on the 1978 HSS implant on August 1, 2006, even though the deadline for serving dispositive motions, as provided for in the scheduling order [as amended on January 4, 2006], expired on January 24, 2006. Because the deadline for filing dispositive motions had passed when Howmedica sought leave to file a new dispositive motion, Howmedica must show both good cause for extension of the deadline under Fed. R. Civ. P. 16 and that the amendment is proper under Fed. R. Civ. P. 15. Howmedica fails on both counts.

Howmedica contends that it did not learn of the 1978 HSS implant until May 23, 2006, and that it accordingly could not have filed a dispositive motion based on the 1978 HSS implant before the January 24, 2006, deadline. However, Howmedica offers no explanation as to why it did not seek third-party discovery on HSS at any point in the discovery period in this case. This inquiry is relevant due to the fact that their expert, Dr. Laskin,[4] worked at HSS and knew that other departments at HSS prepared custom implants.

---

[4] Dr. Laskin was retained as an expert by Howmedica in March 2005.

7

With the exercise of diligence, Howmedica should have known of the 1978 HSS implant's existence.

Moreover, since at least May of 2006, Howmedica possessed HSS documents that explicitly referenced and described the 1978 HSS implant.  Despite the fact that Dr. Wright orally informed Howmedica of the 1978 HSS implant on May 16, 2006 and the fact that Howmedica possessed the 1978 HSS implant documents on May 23, 2006, Howmedica waited until August 1, 2006 to seek leave from this Court to file a dispositive motion based on the 1978 HSS prior art.  As such, Howmedica fails to satisfy the "good cause" standard of Fed. R. Civ. P. 16.

Even if Howmedica had satisfied the "good cause" standard of Fed. R. Civ. P. 16, Howmedica's motion also fails to satisfy the requirements of Fed. R. Civ. P. 15.  In *Foman v. Davis*, 371 U.S. 178 (1962), the Court stated that "in the absence of any apparent or declared reason – such as . . . undue prejudice to the opposing party by virtue of allowing the amendment . . . – the leave sought should, as the rules require, be freely given."  Granting Howmedica's motion for leave to file a dispositive motion on the 1978 HSS implant would be prejudicial to Zimmer and is not in the interest of justice.  Allowing Howmedica to file a new dispositive motion on the 1978 HSS implant would cause the parties to undergo duplicative discovery in an attempt to deal with this new implant.  The discovery deadlines would have to be extended and witnessed would likely need to be re-deposed, which would necessarily impact the deadlines this Court already established. Specifically, these extensions

would impact the trial date,[5] which is set for Tuesday, September 4, 2007.  Accordingly, Howmedica's motion for leave to file a dispositive motion on the 1978 HSS implant is **DENIED**.

## V.  CONCLUSION

Based on the foregoing, Zimmer's Motion to Strike (Docket No. 315) is **DENIED**.  Howmedica's motion for leave to file a dispositive motion based on the 1978 HSS implant (Docket No. 329) is also **DENIED**.  This order satisfies both parties' motions for clarification (Docket Nos. 340 and 341).  Accordingly, Docket Nos. 340 and 341 are moot.

**SO ORDERED.**

**Dated: February   26  , 2007**

                                      S/ Allen Sharp
                                      **ALLEN SHARP, JUDGE**
                                      **UNITED STATES DISTRICT COURT**

---

[5]The trial date was set at the August 17, 2006 oral argument hearing in South Bend, Indiana.