UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

ZIMMER TECHNOLOGY, INC., and       )
ZIMMER, INC.,                      )
                                   )
        Plaintiffs,                )
                                   )
    v.                             )     CIVIL NO. 3:02cv425
                                   )
HOWMEDICA OSTEONICS CORP.,         )
                                   )
        Defendant.                 )

OPINION AND ORDER

This matter is before the court on several motions in limine filed by the parties.

Discussion

(1)    Howmedica's Motion in Limine No. 3 (Non-Infringement): Any Reference By Zimmer
       to U.S. Patent No. 5,782,920 At Trial Would Be Improper Hearsay, Unfair, and Highly
       Prejudicial

    Howmedica seeks an order precluding the Zimmer plaintiffs from making any references

at trial the '920 patent[1].  Howmedica argues that any such reference would raise irrelevant issues,

risk substantial prejudice to Howmedica, and be grossly inequitable.

    In response, Zimmer states that it agrees with Howmedica that the court should exclude

evidence relating to the '920 patent and license.  Zimmer states that it does not oppose

Howmedica's motion in limine because the probative value of these items to this litigation is

significantly outweighed by the danger of unfair prejudice and jury confusion.

    Accordingly, this motion in limine will be granted.

_____

    [1] The '920 patent, assigned to Johnson & Johnson, discloses and claims a modular
prosthesis system with a modular offset adapter like that sold by Howmedica.  Howmedica
makes and sells its offset adapter components under a license from Johnson & Johnson.

(2)    <u>Howmedica's Motion in Limine No. 6 (Non-infringement): References to Other Lawsuits are Irrelevant and Highly Prejudicial</u>

Howmedica requests an order precluding Zimmer from making any arguments or references at trial related to any prior or pending proceedings, trials, rulings, decisions, jury verdicts, bench rulings, or related settlement agreements to which Howmedica (or its parent corporation, Stryker) have been (or are) parties.  Howmedica argues that evidence of the results of Howmedica's involvement in litigation directed to unrelated patents is irrelevant to this case, and that such evidence is highly prejudicial.

Howmedica states, however, that it is not "asking the Court to exclude reliance on testimony from prior litigation for purposes of cross-examining impeaching witnesses or admissions against interest."

Zimmer agrees that this court should exclude evidence relating to other prior or pending proceedings.  However, Zimmer does not agree with Howmedica's exception.  Zimmer anticipates that Howmedica will try to introduce (for impeachment or another purpose) equivalents testimony of Zimmer's expert Dr. Roy Crowninshield from the unrelated case of <u>DePuy, Inc. v. Zimmer Holdings, Inc.</u>, No. 1:02cv04023 (N.D. Ill).  Zimmer argues that Dr. Crowninshield's prior testimony in <u>DePuy</u> is irrelevant to his opinion in this case because the <u>DePuy</u> case involved a different patent covering different technology asserted against a different accused product. Zimmer concludes that Dr. Crowninshield's testimony is neither inconsistent with nor an admission related to any position taken by Zimmer in this case, and introduction of such evidence will only serve to unfairly prejudice Zimmer by misleading and confusing the jury about Zimmer's argument in this case.

In reply, Howmedica argues that prior sworn testimony of the type Zimmer seeks to

exclude is routinely admitted by district courts when it is inconsistent with the witness'
testimony at trial.

This court will grant Howmedica's motion. The parties are not permitted to make references to other lawsuits, except for any purpose allowed under the Federal Rules of Civil Procedure. In the event that Dr. Crowninshield's testimony in other suits becomes an issue at trial, the parties should be prepared to discuss the content and admissibility of that testimony with the court and out of the presence of the jury. The court will then make the proper evidentiary ruling.

(3)     <u>Howmedica's Motion in Limine No. 12 (Invalidity): References to Other Lawsuits are Irrelevant and Highly Prejudicial</u>

This motion is identical to the preceding motion, and the ruling is reiterated here:

This court will grant Howmedica's motion. The parties are not permitted to make references to other lawsuits, except for any purpose allowed under the Federal Rules of Civil Procedure. In the event that Dr. Crowninshield's testimony in other suits becomes an issue at trial, the parties should be prepared to discuss the content and admissibility of that testimony with the court and out of the presence of the jury. The court will then make the proper evidentiary ruling.

(4)     <u>Howmedica's Motion in Limine No. 13 (Invalidity): References to Prior Summary Judgment Rulings are Irrelevant and Highly Prejudicial</u>

Howmedica seeks an order precluding Zimmer from making any references or arguments at trial related to the court's prior summary judgment rulings, for the reason that they are no longer relevant to the narrow issues before the jury. Howmedica is concerned that Zimmer may refer to the court's prior rulings in order to infer that Howmedica lost on its real invalidity

arguments, or that Howmedica is left with only its second best invalidity arguments. Zimmer does not oppose this motion. Accordingly the motion will be granted.

(5)     Zimmer's Motion in Limine No. 2 to Exclude Expert Testimony Regarding Witness Credibility

Zimmer seeks an order prohibiting Howmedica from introducing or eliciting evidence or testimony from its expert witness, Dr. Leo Whiteside, regarding the credibility of fact witnesses. Zimmer argues that credibility is not a subject for expert testimony.

In response, Howmedica states that it has no intention of having Dr. Whiteside provide expert opinion testimony directed to the credibility of other witnesses in this case. Howmedica agrees that issues of credibility are plainly for the jury. Howmedica states, however, that "this is not to say Dr. Whiteside may not be asked to testify at trial about his personal experiences with Dr. Burstein, and his understanding of Dr. Burstein's reputation in the orthopedic community, particularly if Dr. Burstein's character is attacked during trial." Howmedica argues that such rehabilitative testimony is appropriate and should not be precluded.

As the parties have agreed that Dr. Whiteside's statements regarding the truthfulness of Dr. Burstein's testimony are inadmissible, Zimmer's motion in limine will be granted. To the extent that there is any dispute at trial regarding what testimony of Dr. Whiteside is precluded by this ruling, the parties should confer with the court on this issue out of the presence of the jury. and the court will make a ruling.

(6)     Zimmer's Motion in Limine No. 3 to Preclude "Public Use" Arguments That Are Contrary to This Court's January 4, 2008 Order

In this motion, Zimmer requests an order precluding Howmedica from offering or attempting to elicit evidence, or arguing during the Phase 1 trial on the validity of Zimmer's

patent that the alleged prior art reference referred to as the 1978 HSS implant is prior art under the 35 U.S.C. § 102(a) "used" or § 102(b) "public use" prongs based merely on being present within the halls of the hospital and operating room. Under both prongs of § 102, any use must be "public" in order to qualify as prior art. This court ruled on summary judgment that there was not public use of the 1978 HSS implant unless and until it was actually implanted in a patient.

Based on certain Howmedica pre-trial filings and proposals, Zimmer anticipates that Howmedica will try to argue the fall-back position that the 1978 HSS implant is "used" prior art even if it was abandoned after an aborted surgery in June 1978.

In response, Howmedica points out that it has never asserted that the 1978 HSS implant was "used" or in "public use" based on the aborted June 14, 1978 surgery. Rather, at trial, Howmedica intends to argue that the 1978 HSS implant was "used" and in "public use" based on the successful October 19, 1978 implantation of the offset stem 1978 HSS implant. Howmedica claims that the evidence at trial will show that the implant brought into the aborted June 1978 surgery was not the offset stem 1978 HSS implant, but rather a straight stem implant that was found to not fit the patient's offset bone anatomy. Thus, Howmedica states that it has no need for a fall-back argument.

As the parties have conceded that the 1978 HSS implant is not prior art under the "used" or "public use" prongs based merely on being present within the halls of the hospital and operating room after the June 14, 1978 aborted surgery, Zimmer's motion in limine will be granted.

(7)    Zimmer's Motion in Limine No. 5 to Exclude Evidence of the '920 Patent & '920 License

Zimmer requests an order prohibiting Howmedica from introducing or referring to evidence or testimony regarding Johnson & Johnson's U.S. Patent No. 5,782,920 ("the '920 patent") or Howmedica's license to the '920 patent in either the Phase 1 (Validity) or Phase 2 (Infringement) trials. This court has already precluded Howmedica's experts "from offering non-infringement opinions based on the existence of and on Howmedica's license to the '920 patent" because the testimony is not relevant to an infringement determination. Zimmer argues that the ruling applies to the '920 patent and '920 license in relation to a validity determination, as they are irrelevant because they are not prior art to Zimmer's '313 patent.

Howmedica agrees that the '920 patent and license have no bearing on any issue and should be excluded from the Phase 1 and Phase 2 trials. Notably, Howmedica has filed its own motion in limine on this issue, which motion is discussed (and granted) earlier in this order.

As there is no dispute between the parties with respect to this issue, the motion in limine will be granted.

(8)     Zimmer's Motion in Limine No. 6 to Preclude Evidence of Zimmer's Decision to Suspend Sales of Durom Cup Product

Zimmer seeks an order prohibiting Howmedica from introducing or referring to, in either the Phase 1 or Phase 2 trials, Zimmer's decision to suspend sales of a hip replacement device called the Durom Cup, including related alleged failures and defects of the Durom Cup. Zimmer argues that these issue have no bearing on the substantive issues in this case, and any conceivable relevance would be substantially outweighed by the unfair prejudice, waste of time, and confusion of the issues that will result if such evidence is not excluded.

In response, Howmedica states that it has never indicated that it would reference the

Durom Cup product recall issues that are the subject of Zimmer's motion in limine.  Howmedica further states, however, that if the motion is granted, it should be tailored so that Howmedica may reference the Durom Cup product recall evidence as impeachment evidence, if necessary, such as if Zimmer argues that its orthopedic products "are exceptionally reliable and trouble-free".

In reply, Zimmer states that it has never indicated that it intends to make such arguments, although it intends to introduce evidence of the commercial success of the products it sold embodying the inventions of the '313 patent.

As the parties do not dispute the basis for the motion in limine, the motion will be granted.  If Zimmer opens the door to impeachment evidence on this issue, Howmedica may request relief from this order at the appropriate time.

(9)     <u>Zimmer's Motion in Limine No. 8 to Preclude Reference to Prior Non-Infringement Decision</u>

Zimmer requests an order precluding Howmedica from introducing, referring to, or eliciting testimony regarding this court's prior grant of summary judgment of non-infringement during either the Phase 1 or Phase 2 trials.

Howmedica agrees with Zimmer's position and has, in fact, filed its own motion in limine on this issue, which was addressed earlier in this order.  Accordingly, the motion in limine will be granted.


<u>Conclusion</u>

On the basis of the foregoing the court rules as follows:

(1) Howmedica's Motion in Limine No. 3 (Non-infringement) [DE 517] is hereby GRANTED;

(2) Howmedica's Motion in Limine No. 6 (Non-infringement) [DE 520] is hereby GRANTED;

(3) Howmedica's Motion in Limine No. 12 (Invalidity) [DE 513] is hereby GRANTED;

(4) Howmedica's Motion in Limine No. 13 (Invalidity) [DE 514] is hereby GRANTED;

(5) Zimmer's Motion in Limine No. 2 [DE 529] is hereby GRANTED;

(6) Zimmer's Motion in Limine No. 3 [DE 523] is hereby GRANTED;

(7) Zimmer's Motion in Limine No. 5 [DE 525] is hereby GRANTED;

(8) Zimmer's Motion in Limine No. 6 [DE 526] is hereby GRANTED; and

(9) Zimmer's Motion in Limine No. 8 [DE 528] is hereby GRANTED.


Entered: October 16, 2008.


s/ William C.  Lee___
William C. Lee, Judge
United States District Court