UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ZIMMER TECHNOLOGY, INC., and ZIMMER, INC., ) ) | |
| Plaintiffs, ) ) | |
| v. ) | CIVIL NO. 3:02cv425 |
| ) HOWMEDICA OSTEONICS, CORP., ) ) | |
| Defendant. ) | |

OPINION AND ORDER

This matter is before the court on "Motion in Limine No.6 (Invalidity)" filed by Howmedica Osteonics, Corp. ("Howmedica"), on September 10, 2008.

Discussion

Howmedica requests an order precluding Zimmer from making any references at trial (either through statements of counsel or by eliciting testimony from witnesses) about Dr. Albert Burstein's alleged failure to independently conceive the alleged invention of U.S. Patent No. 5,290,313 ("the '313 patent"). Howmedica argues that these references, which it claims Zimmer has indicated it may make at trial, are irrelevant, contrary to the law of obviousness, risk substantial prejudice to Howmedica, including a high risk of juror confusion, and would cause the jury to hold Howmedica to an artificially high burden of proof.

According to Howmedica, Zimmer has indicated that it will argue that Dr. Burstein, the inventor of two alleged prior art references to the '313 patent (i.e., the modular Insall-Burstein II knee system ("IB-II system") and the offset stem prior art knee implant made in 1978 at the Hospital for special Surgery ("the 1978 HSS implant)) failed to combine the two prior art references in the manner asserted by Howmedica to be obvious. According to Zimmer, Dr.

Burstein's alleged "failure" to combine the prior art references shows that the '313 patent is nonobvious.

Howmedica contends that Zimmer's argument is irrelevant to any issue in this case. Howmedica argues that under the Patent Statute, a patent is invalid for obviousness under Section 103 if, instead of being disclosed in a single device or reference, it was an obvious combination of prior features. See 35 U.S.C. § 103(a); KSR Int'l co. v. Teleflex Inc., 127 S.Ct. 1727, 1742 (2007)("[I]n many cases a person of ordinary skill will be able to fit the teachings of multiple patents together like pieces of a puzzle."). Howmedica further argues that to be invalid for obviousness, it is not necessary for any person to have in fact combined the prior art features. Invalidity for obviousness necessarily assumes that no person previously combined the prior art features into a single device – otherwise the patent would be invalid for anticipation under Section 102. See Perricone v. Medicis Pharm. Corp., 432 F.3d 1368, 1375 (Fed.Cir. 2005)("A single prior art reference that discloses, either expressly or inherently, each limitation of a claim invalidates that claim by anticipation.").

Howmedica further argues that the only way that a single individual's actions prior to the '313 patent can be relevant to obviousness is when that individual attempted to create the invention but was unsuccessful. See Advanced Display Sys., Inc. v. Kent State Univ., 212 F.3d 1272, 1285 (Fed.Cir 2000); Alco Standard Corp. v. Tennessee Valley Authority, 808 F.2d 1490, 1500 (Fed.Cir. 1986).

According to Howmedica, Zimmer's anticipated argument is also factually incorrect. Howmedica asserts that Dr. Burstein testified that he did in fact combine the prior art references, and that at his deposition he testified that he did incorporate offset stems like that disclosed in

the 1978 HSS implant into the IB-II systems he made at the Hospital for Special Surgery (See Burstein Dep. at 235-36). Dr. Burstein testified that it was Zimmer, and not him, that decided not to include offset stems in Zimmer's commercial IB-II system due to lack of demand. (Id.).

In response, Zimmer argues that Howmedica must prove clearly and convincingly at the invalidity trial that a person of ordinary skill in the art would have been motivated to combine the 1978 HSS implant and IB-II alleged prior art references to achieve the claimed invention in the '313 patent. Zimmer contends that Dr. Burstein is a person of at least ordinary skill in the art who know about both the 1978 HSS implant and the IB-II system, yet faced squarely with the problem addressed by the '313 patent, Dr. Burstein did not combine the two devices to achieve the claimed invention. Zimmer thus argues that this evidence is relevant to and has probative value with respect to the obviousness determination, and consideration of such evidence is supported by the "expansive and flexible" approach to the obvious analysis adopted in KSR.

Zimmer further argues that the evidence may be relevant to the credibility of Dr. Burstein, who had knowledge of the references in the relevant time frame but allegedly did not combine them. According to Zimmer, should Howmedica decide to argue at trial that Dr. Burstein did in fact combine the alleged prior art references, as it suggests in its motion in limine, then Zimmer should be allowed to present evidence to the contrary and explore this issue on cross-examination.

In reply, Howmedica contends that Zimmer erroneously believes that, in order to avoid a finding of invalidity for obviousness, it need only point to a single person of ordinary skill in the art who did not combine the prior art in the manner claimed by the patent-in-suit. According to Howmedica, Zimmer's argument contradicts the obviousness law and statutory provisions.

Section 103(a) allows a patented invention to be held invalid, even though not found identically in a single prior art reference, if the patented invention would have been obvious in view of the prior art as a whole at the time of the invention. See 35 U.S.C. § 103(a). This is in contrast to § 102, a separate provision of the Patent Act that allows patents to be invalidated where a single person or prior art reference has in fact combined all of the elements of the patent in suit. See 35 U.S.C. § 102. As noted, to reach the issue of invalidity for obviousness under § 103, the law necessarily presumes that no single person has combined the prior art in the exact manner claimed by a patent. If someone had, the patent would be invalid for anticipation, a defense different than obviousness.

Howmedica asserts that Zimmer ignores this law and, instead, focuses on the requirement that to show obviousness, Howmedica must show that a "person of ordinary skill in the art" would have had a "reason" to combine the prior art. Howmedica points out that requiring a "reason" for a person of ordinary skill in the art to combine prior art references for purposes of obviousness is vastly different than requiring that a person of ordinary skill in the art did in fact combine components to make a product that anticipates a patent claim.

Howmedica argues that there is only one appropriate instance in which a court may look at the specific failure of others to make the claimed invention and that narrow instance relates to the "secondary" consideration of "failure of others." KSR, 127 S.Ct. at 1734. Howmedica points out that "failure of others" evidence consists not of pointing to a single person who did not make the claimed invention, but requires evidence of actual failed attempts. Alco Standard, 808 F.2d at 1500.

Lastly, Howmedica points out that Zimmer never counters the evidence that Dr. Burstein

4

did in fact combine the prior art. (Burstein Dep. at 235-36).

After reviewing the arguments, this court has determined that the most prudent course to follow with respect to this issue is to deny the motion in limine, subject to renewal at trial if necessary. At this point it is unclear to the court exactly what evidence the parties intend to introduce to prove the various arguments presented. Zimmer contends that Burstein did not combine the prior art references, and Howmedica contends that Burstein has testified that he did, in fact, combine the prior art references. There is clearly a factual dispute here for the jury, assuming that the dispute is still relevant at the time it is anticipated to be presented at trial. Thus, the motion in limine will be denied.

## Conclusion

On the basis of the foregoing, Howmedica's "Motion in Limine No. 6 (Invalidity)" [DE 508] is hereby DENIED.

Entered: November 25, 2008.

s/ William C. Lee
William C. Lee, Judge
United States District Court