UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ZIMMER TECHNOLOGY, INC., and ZIMMER, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL NO. 3:02cv425 ) |
| HOWMEDICA OSTEONICS, CORP., | ) ) ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on "Motion in Limine No. 5 (Invalidity)" filed by Howmedica Osteonics, Corp. ("Howmedica"), on September 10, 2008.

Discussion

Howmedica requests an order precluding Zimmer from making any arguments or references at trial (either through statements of counsel or by eliciting testimony from witnesses) that U.S. Patent No. 5,290,313 ("the '313 patent") is nonobvious in view of "secondary considerations." Howmedica requests, in particular, that the court preclude Zimmer from arguing that the '313 patent is nonobvious because: (1) it has allegedly contributed to the commercial success of Zimmer's knee system, (2) competitors have allegedly copied the '313 patent or Zimmer's system, (3) there was an allegedly long-felt but unresolved need for the '313 patent prior to its invention, (4) others allegedly failed to invent the subject matter of the '313 patent earlier, and (5) competitors have allegedly acquiesced in the validity of the '313 patent.

Howmedica asserts that these arguments, which it claims Zimmer has indicated it may make at trial, are irrelevant, contrary to the law of obviousness, risk substantial prejudice to Howmedica, including a high risk of juror confusion, and would cause the jury to hold

Howmedica to an artificially high burden of proof.

Howmedica argues that there is no evidence of alleged commercial success, no evidence of alleged copying, no evidence of alleged long-felt need, no evidence of alleged failure of others, and no evidence of alleged industry acquiescence. Thus, Howmedica argues that Zimmer should not be allowed to present any evidence or arguments at trial relating to any secondary considerations of nonobviousness. According to Howmedica, all of Zimmer's evidence and arguments in this regard are both insufficient and irrelevant as a matter of law.

In response, Zimmer contends that Howmedica's motion in limine is actually an untimely and unsupported motion for partial summary judgment. Zimmer points out that this court has already decided that there exist genuine issues of material fact regarding the non-obviousness determination in view of Zimmer's evidence of secondary considerations of non-obviousness. (DE 338 at 16).

Zimmer argues that it is clear that Howmedica's motion in limine is a disguised third attempt to move for partial summary judgment on invalidity. Zimmer claims that Howmedica does not seek to preclude specific evidence it anticipates Zimmer will introduce at trial but, rather, makes a sweeping request that "Zimmer should not be allowed to present any evidence or arguments at trial relating to any 'secondary considerations' of nonobviousness." (DE 507 at 6).

Howmedica, in reply, states that it is not asking the court to enter a ruling disposing of any issue of fact relating to Zimmer's allegations of secondary considerations. Howmedica states that it is only asking the court to preclude Zimmer from making certain very specific arguments relating to Zimmer's alleged secondary consideration evidence. Specifically, Howmedica asks the court to preclude Zimmer from arguing at trial that:

2

1. sales of Zimmer's entire NexGen knee system shows "commercial" success attributable to the '313 patent;

2. the mere fact that competitors (including Howmedica) offer offset options is evidence of "copying" of the '313 patent;

3. clinical studies conducted well after the '313 patent show a "long-felt need" prior to the '313 patent;

4. the failure of a specific person to combine the prior art in the manner claimed by the '313 patent, who did not attempt to do so, is evidence of "failure of others"; and

5. a single hearsay request for a license from an unidentified company, without any explanation of the reason the unidentified company sought the license, is evidence of "industry acquiescence".

Clearly, the court cannot grant Howmedica's motion in limine. While Howmedica may ultimately prevail on its position that the identified arguments are improper in this case, the court cannot at this point make the rulings that Howmedica seeks. After the court and the parties are immersed in trial, and it is more clear what arguments are supportable and relevant (based on the case law that Howmedica has cited and the specific intended use of the arguments and evidence), the court will rule on any objections that Howmedica raises.

## Conclusion

On the basis of the foregoing, Howmedica's "Motion in Limine No. 5 (Invalidity)" [DE 507] is hereby DENIED.

Entered: November 25, 2008.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court