UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ZIMMER TECHNOLOGY, INC., and ZIMMER, INC. | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL NO. 3:02cv425 ) |
| HOWMEDICA OSTEONICS, CORP. | ) ) ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on "Motion in Limine No. 5 (Non-Infringement)" filed by Howmedica Osteonics, Corp. ("Howmedica") on September 10, 2008.

Discussion

Howmedica requests an order precluding Zimmer from making any arguments or references at trial (either through statements of counsel or by eliciting testimony from witnesses) during the non-infringement phase of the trial related to issues that will be tried exclusively in the invalidity or damages phases (e.g., patent invalidity, willful infringement, opinions of counsel, financial harm/damages). More specifically, Howmedica requests that the court exclude at least the following evidence and testimony from the non-infringement phase of the trial: (1) evidence of alleged willful infringement or bad faith litigation; (2) evidence of Zimmer's alleged damages or alleged lost profits; and (3) testimony from witnesses regarding the above issues.

Howmedica argues that these references are irrelevant to any issue in the non-infringement phase and risk substantial prejudice to Howmedica, including a high risk of juror confusion. Howmedica points out that the trial of this case was trifurcated to avoid or minimize

potential juror confusion. The trifurcation of this trial into three phases reflects the distinct issues that must be independently considered by the jury. Thus Howmedica argues that evidence related to issues exclusive to validity or damages, which will be properly presented during other phases, is irrelevant to the determination of patent non-infringement and should be excluded from the non-infringement phase of the trial. Similarly, Howmedica asserts that evidence introduced on issues of patent non-infringement is irrelevant to determinations of validity or damages and should be excluded from the other trial phases. Howmedica contends that introducing evidence related to issues exclusive to invalidity or damages in the non-infringement phase would only waste time and contravene the purposes of trifurcation of this case.

In response, Zimmer points out that this court's order trifurcating the case specifically noted that "there may be some overlap of issues and ... certain evidence and testimony will need to be presented again... ." (DE 456). Zimmer argues that Howmedica identifies no particular evidence that it seeks to exclude from the Phase 2 trial, and that its generalized categories listed in its brief make no sense. Zimmer suggests that rather than attempt to define whether a broad category of evidence belongs in one, two, or three phases of trial, the better approach is to address specific evidentiary issues as they arise at trial. Zimmer requests that the court deny Howmedica's motion because Howmedica fails to identify any specific evidence it proposes would be covered by its motion that relates solely to one phase of trial.

While this court agrees with the general gist of Zimmer's argument, the court will grant Howmedica's motion because Howmedica's points are well taken. Zimmer thus has the burden at trial, outside the hearing and/or presence of the jury, to present its arguments regarding the admissibility of evidence during the first phase of the trial that it contends relate only to

2

subsequent phases of the trial.

## Conclusion

Based on the foregoing, Howmedica's Motion in Limine No. 5 (Non-Infringement) [DE 519] is hereby GRANTED.

Entered: November 25, 2008.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court