UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ZIMMER TECHNOLOGY, INC., and ZIMMER, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL NO. 3:02cv425 ) |
| HOWMEDICA OSTEONICS, CORP., | ) ) ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on "Motion in Limine No. 4 (Invalidity)" filed by Howmedica Osteonics, Corp. ("Howmedica"), on September 10, 2008.

Discussion

Howmedica requests an order precluding Zimmer from making any arguments or references at trial (either through statements of counsel or by eliciting testimony from witnesses) that documents relating to the offset stem prior art knee implant made in 1978 at the Hospital for Special Surgery ("the 1978 HSS implant") were "secret," "hidden away," unpublished," or "non-public." Howmedica also moves the court to preclude Zimmer from mentioning that Zimmer obtained such documents through subpoena and could not have obtained them otherwise. Howmedica argues that whether or not these facts are true, they are not relevant to any issue in the case and risk substantial prejudice to Howmedica, including a high risk of juror confusion, and would cause the jury to hold Howmedica to an artificially high burden of proof.

Howmedica points out that this court has already entered summary judgment that the 1978 HSS implant is not prior art under the only provisions of the Patent Statute to which secrecy of the 1978 HSS implant documents would be relevant. (DE 457 at 15-18, 22-25).

Specifically, this court granted summary judgment to Zimmer that the 1978 HSS implant did not constitute prior art under 35 U.S.C. § 102(a)'s "known" provision, or § 102(b)'s "printed publication" provision. This court found that to constitute prior art under either of those two provisions, the design information and documents relating to the 1978 HSS implant were required to be publicly accessible. Because this court found that the documents and design information were not publicly accessible, this court granted summary judgment to Zimmer on these two prior art provisions.

However, according to Howmedica, whether the 1978 HSS implant documents were secret is not relevant to any of the remaining bases under which the 1978 HSS implant may constitute prior art. This court found that there were genuinely disputed issues of material fact regarding whether the 1978 HSS implant was prior art under other provisions of § 102, i.e., §102(a)'s "in use" provision, § 102(b)'s "public use" provision, § 102(b)'s "on sale" provision, and § 102(g)'s "prior invention" provision. (DE 457 at 18-22, 27-28). This court found that each of those provisions relates not to design information or documents as constituting prior art, but instead relate to the implant itself. See 35 U.S.C. § 102; DE 457 at 18-22, 27-28. Under those provisions, the court found that there were genuine issues for the jury regarding whether the 1978 HSS implant (not the design documents) was used in a patient, sold, or invented prior to U.S. Patent No. 5,290, 313 ("the '313 patent"). The court noted that it was likely that Howmedica would be able to prove at trial that the 1978 HSS implant was sold. Howmedica argues that it is axiomatic that whether a device was used, sold, or invented is completely independent of whether the documents describing it were made public. See Abbott Lab. v. Geneva Pharms., Inc., 182 F.3d 1315, 1319 (Fed.Cir. 1999)("If a product that is offered for sale

2

inherently possesses each of the limitations of the claims, then the invention is on sale, whether or not the parties to the transaction recognize that the product possesses the claimed characteristics."); J.A. La Porte, Inc. v. Norfolk Dredging Co., 787 F.2d 1577, 1583 (Fed.Cir. 1986)("[T]he question is not whether the sale, even a third party sale, 'discloses' the invention at the time of the sale, but whether the sale relates to a device that embodies the invention.").

In response, Zimmer notes that this court's January 4, 2008 Order [DE 457] on summary judgment held that "the implant and related documents remained at HSS, where neither the laboratory nor the operating room were open to the public." [DE 457 at 25]. Zimmer argues that if Howmedica is permitted to argue at trial that the 1978 HSS implant is prior art under the public use prongs of § 102(a) and § 102(b) based merely on being present within the halls of the hospital and operating room, then evidence and argument as to how the hospital setting is not public, with respect to documents or implants or anything else, would be relevant.

Zimmer states that should Howmedica's arguments be limited to that the 1978 HSS implant is prior art under §§ 102(a), (b), and (g) because it was not abandoned but was implanted into a patient and sold to the patient (assertions with which Zimmer strongly disagrees), the "secret" status of documents or anything else within the halls of the hospital will not be relevant.

In reply, Howmedica states that it intends to rely on the actual surgery (allegedly occurring on October 19, 1978) at which the offset stem 1978 HSS implant was used and implanted. Howmedica further states that it will rely on three different witnesses who will each testify that the offset stem 1978 HSS implant was successfully implanted into a patient in October 1978. According to Howmedica, numerous contemporaneous HSS documents produced in this case corroborate this, and there is no real question that the offset stem 1978 HSS implant

3

is "used" and "public use" prior art based on its surgical implantation in October 1978. Thus, Howmedica requests that its motion in limine be granted.

The court will grant Howmedica's motion to the extent that it is not contested. That is, if as anticipated, Howmedica only argues at trial that the 1978 HSS implant is prior art because it was implanted into a patient, then it is clear that Zimmer's evidence regarding the "secret" status of the documents is not relevant. If Howmedica's evidence strays from what is anticipated, then Zimmer may be permitted to present evidence regarding the status of the documents at issue, if the court determines at that time that Zimmer's evidence is otherwise admissible.

## Conclusion

On the basis of the foregoing, Howmedica's "Motion in Limine No. 4 (Invalidity)" [DE 506] is hereby GRANTED.

Entered: November 25, 2008.

> s/ William C. Lee
> William C. Lee, Judge
> United States District Court