UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ZIMMER TECHNOLOGY, INC., and ZIMMER, INC., ) ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL NO. 3:02cv425 |
| ) | **(TO BE FILED UNDER SEAL)** |
| HOWMEDICA OSTEONICS, CORP., ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

This matter is before the court on "Motion in Limine No. 4 (Non-Infringement)" filed by Howmedica Osteonics, Corp. ("Howmedica"), on September 10, 2008.

Discussion

Howmedica requests an order precluding Zimmer from making any arguments or references at trial (either through statements of counsel or by eliciting testimony from witnesses) related to Howmedica's alleged withholding or destruction of internal meeting minutes from the "Offset Adapter/Fluted Stem Design Team." Howmedica claims that such arguments or references are irrelevant, contrary to the law, and risk substantial prejudice to Howmedica, including a high risk of juror confusion.

Howmedica contends that Zimmer has not produced any evidence, or elicited any testimony, that the allegedly missing Howmedica meeting minutes ever existed in the first place. Howmedica points out that in its order denying Zimmer's Motion to Compel such documents, the court relied upon Howmedica's representation that no such material existed. Thus Howmedica argues that because this court has already determined that there are no documents responsive to Zimmer's request, Zimmer should be precluded from arguing that any such

documents were allegedly withheld.

Howmedica states that Mikhail Kvitnitsky was the team leader for the design of the Howmedica offset adaptor, and was the person responsible for holding the team meetings and preparing the meeting minutes. Kvitnitsky explained in his deposition that he did not believe meetings took place as alleged by Zimmer. Specifically, Kvitnitsky testified that the design review meetings did not take place for the offset adaptor in late 1997 and early 1998 because its design was being changed at that time, and the design review committee reviewed designs contemplated for the market, not initial design efforts.

Howmedica acknowledges that Howmedica employee Matthew Poggie testified that it was his "expectation" that meeting minutes were prepared. Howmedica correctly points out that an "expectation" is not evidence that such meetings actually took place. Howmedica further contends that the distribution list of the team meeting minutes included at least 22 persons as set forth in the distribution list for the October 13, 1997 meeting minutes, yet the alleged meeting minutes are nowhere to be found at Howmedica. Howmedica argues that it is not credible that a company-wide effort could have taken place to throw away meeting minutes from a specified time period. Howmedica further argues that Zimmer's allegation of such a company-wide conspiracy to throw away documents constitutes gross unfounded speculation unsupported by any evidence.

In response, Zimmer states that the evidence shows that the meeting minute documents began on March 17, 1997, when the initial meeting of the Offset Adapter/Fluted Stem Design Team was held. The meeting minutes continue through October 13, 1997, with meetings occurring on Mondays every one to three weeks, and each meeting minute document identifying

2

the date of the next meeting. The meeting minutes for the October 13, 1997 meeting indicate that the next meeting was to be held one week later on October 20, 1997. However, Howmedica's production of documents includes no further design meeting minute documents until six months later, on April 20, 1998.

Zimmer claims that this "gap" period is critical. According to Zimmer, the evidence shows that when the meeting minutes stop in October 1997, Howmedica's design used a tapered connection (as shown in one embodiment of the patent-in-suit and in Zimmer's commercial design). But when the meeting minutes resume in April 1998, Howmedica's design used a threaded connection (as found in the presently accused products). Zimmer claims the evidence shows that a major design change occurred during this six month period when Howmedica represents there were no design meetings. Zimmer further contends that the missing documents are highly relevant to at least infringement and willfulness in this case.

As Howmedica points out in reply, however, Zimmer has failed to address the fundamental basis for Howmedica's motion in limine: no meeting minutes exist because no meetings occurred during the time frame at issue. Howmedica further points out that Zimmer completely ignores this court's prior ruling that Howmedica cannot be expected to produce documents that do not exist. (DE 325).

Howmedica explains that in early 1997 it had design review meetings to discuss a finalized early offset adapter design. But in late 1997, engineers at Howmedica (not the design review team) determined that the early offset adapter design would not work. Thus, design review meetings were suspended until a new design was completed by the engineers. In early 1998, when the engineers had finalized a new design, design review meetings resumed to discuss

3

manufacturing and regulatory concerns relating to the new design.

As this court has previously ruled that the relevant meeting minutes do not exist, this court will grant Howmedica's motion in limine. Zimmer may not make any arguments or references at trial related to its position that Howmedica withheld or destroyed internal meeting minutes.

## Conclusion

On the basis of the foregoing, Howmedica's "Motion in Limine No. 4 (Non-Infringement)" [DE 518] is hereby GRANTED. The Office of the District Clerk is directed to docket this Opinion and Order UNDER SEAL.

Entered: November 25, 2008.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court