UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ZIMMER TECHNOLOGY, INC., and ZIMMER, INC., </br></br>Plaintiffs, </br></br>v. </br></br>HOWMEDICA OSTEONICS, CORP., </br></br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) CIVIL NO. 3:02cv425 |

## OPINION AND ORDER

This matter is before the court on "Motion in Limine No. 3 (Invalidity)" filed by Howmedica Osteonics, Corp. ("Howmedica"), on September 10, 2008.

## Discussion

Howmedica requests an order precluding Zimmer from making any arguments or references at trial (either through statements of counsel or by eliciting testimony from witnesses) that the absence of a feature in a prior art reference (for example, the lack of "modularity") is evidence "teaching away" from that feature. Howmedica claims that such arguments or references are irrelevant, mischaracterize the law of obviousness, risk substantial prejudice to Howmedica, including a high risk of juror confusion, and would cause the jury to hold Howmedica to an artificially high burden of proof.

One of the primary issues in this case is whether U.S. Patent No. 5,290,313 ("the '313 patent") is invalid for obviousness. Howmedica states that it intends to offer clear and convincing evidence at trial showing that it would have been obvious to combine certain features of one or more "custom" prior art orthopedic implants (i.e., implants made for one person) with one or more "modular" prior art orthopedic implants (i.e., standardized implants) to arrive at the

claimed invention of the '313 patent. According to Howmedica, Zimmer has indicated that it may argue that the combination of prior art references is nonobvious because custom implants "teach away" from combining their features with a modular implant. That is, Zimmer intends to argue that because a custom implant prior art reference lacks modularity, it necessarily teaches away from modularity. Howmedica argues that Zimmer's position is incorrect, employs circular logic, and is a mischaracterization of the law of nonobviousness.

The "teaching away" doctrine states that when a person of ordinary skill, upon reading the prior art references, would be discouraged from combining the prior art references, it is less likely that the combination is obvious. See KSR Int'l co. v. Teleflex, Inc., 127 S.Ct. 1727, 1740 (2007). The "teaching away" doctrine is intended to address those narrow situations where a prior art reference expressly states that it should not or could not be modified in a certain manner. See, e.g., Nat'l Steel Car, Ltd. v. Canadian Pac. Ry., Ltd., 357 F.3d 1319, 1339 (Fed. Cir. 2004); Liebel-Flarsheim Co. v. Medrad, Inc., 481 F.3d 1371, 1379 (Fed. Cir. 2007). Prior art references do not "teach away" merely because they are directed to a device that is designated to solve a different problem. KSR, 127 S.Ct. at 1742; Nat'l Steel Car, 357 F.3d at 1339. And prior art references do not "teach away" from a feature merely by failing to disclose it. See DyStar Textilfarbem GmbH v. C.H. Patrick Co., 464 F.3d 1356, 1364 (Fed. Cir. 2006); ParaOrdnance Mfg., Inc. v SGS Imps. Int'l, Inc., 73 F.3d 1085, 1090 (Fed. Cir. 1995).

Howmedica asserts that "[u]nder Zimmer's circular argument, there could never be a finding of invalidity for obviousness, because every obviousness inquiry presumes that no one prior art reference discloses every feature of the patent at issue. The obviousness inquiry always considers whether it would have been obvious to add features from one prior art reference to

another."

Zimmer, however, contends that Howmedica mischaracterizes its arguments. According to Zimmer, it has not argued that Howmedica's prior art reference "teaches away" because of an "absence of a feature in a prior art reference." Rather, according to Zimmer, it has argued that the specific characteristics and functions and purposes of certain alleged prior art references teach away from combination with other references to result in the claimed inventions of Zimmer's '313 patent. Zimmer argues that whether a prior art reference teaches away from the claimed invention is a question of fact for the jury. Zimmer argues that if Howmedica disagrees with Zimmer's position regarding the prior art, then Howmedica has the opportunity to cross-examine Zimmer's witnesses and to present its own evidence.

Howmedica, in turn, accuses Zimmer of mischaracterizing its motion in limine. Howmedica assures that it is not seeking a blanket order prohibiting all evidence that prior art "teaches away" from combining known elements. Howmedica states that its motion seeks only to preclude Zimmer from making specific "teaching away" arguments that are contrary to established Federal Circuit law. Specifically, Howmedica asks the court to preclude Zimmer from making any arguments that (1) the absence of a feature in a prior art reference (for example, the lack of "modularity") is evidence "teaching away" from that feature; and (2) the fact that two prior art references allegedly were designed to be able to resolve different problems (for example, custom implant versus a modular system) is evidence "teaching away" from combining those references.

Howmedica reiterates that the "teaching away" doctrine is intended to address those narrow situations where a prior art reference expressly states that it should not or could not be

modified in a certain manner, that prior art references do not "teach away" merely because they are directed to a device that is designed to solve a different problem, and that prior art references do not "teach away" from a feature merely by failing to disclose it. Thus, Howmedica concludes that Zimmer should not be permitted to argue that two prior art references "teach away" from each other based on either (1) the absence of a feature or (2) a prior art reference's "primary purpose".

The case law clearly supports Howmedica's position. While Zimmer is correct that whether a reference "teaches away" is a question of fact for the jury, the jury must make that determination based upon the correct law. Howmedica seeks to keep the evidence presented to the jury geared toward the permissible legal boundaries of the narrow doctrine of "teaching away", to prevent juror confusion and prejudice to Howmedica. To the extent, as Zimmer claims, that it does not intend to present evidence beyond the parameters of the "teaching away" doctrine, then the motion is moot. However, in order to make sure all the parties are clear on what is permissible evidence and argument on this issue, the court will grant Howmedica's motion.

Conclusion

On the basis of the foregoing, Howmedica's "Motion in Limine No. 3 (Invalidity)" [DE 505] is hereby GRANTED.

Entered: November 25, 2008.

s/ William C. Lee
William C. Lee, Judge
United States District Court