UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ZIMMER TECHNOLOGY, INC., and ZIMMER, INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CIVIL NO. 3:02cv425<br>) |
| HOWMEDICA OSTEONICS, CORP., | )<br>) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on "Motion in Limine No. 2 (Invalidity)" filed by Howmedica Osteonics, Corp. ("Howmedica"), on September 10, 2008.

Discussion

Howmedica requests an order precluding Zimmer from making any arguments or references at trial (either through statements of counsel or by eliciting testimony from witnesses) that U.S. Patent No. 5,290,313 ("the '313 patent") is nonobvious because Howmedica's prior art references cannot be physically or bodily combined. Howmedica claims that such arguments or references are irrelevant, contrary to the law of obviousness, risk substantial prejudice to Howmedica, including a high risk of juror confusion, and would cause the jury to hold Howmedica to an artificially high burden of proof.

One of the primary issues in this case is whether the '313 patent is invalid for obviousness. Howmedica states that it intends to offer clear and convincing evidence at trial showing that the '313 patent is invalid for obviousness in view of the prior art. For example, Howmedica will offer evidence that it would have been obvious before the '313 patent to combine the concept of an offset stem with prior art modular knee systems. According to

Howmedica, Zimmer has indicated that it may argue that the '313 patent is nonobvious because these different features from the prior art could allegedly not be physically combined, or that a physical combination of prior art features would allegedly not result in the claimed invention of the '313 patent.

Howmedica contends that Zimmer's anticipated argument is directly contrary to the law of nonobviousness. The Federal Circuit has long held that "it is not necessary that the inventions of the references be physically combinable to render obvious the invention under review." In re Sneed, 710 F.2d 1544, 1550 (Fed. Cir. 1983); see In re Etter, 756 F.2d 852, 859 (Fed. Cir. 1985)(holding that references need not be capable of physical combination in order to show obviousness). Howmedica argues that the obviousness inquiry is not whether one of ordinary skill in the art could bodily insert component A from one prior art reference into component B of another prior art reference but, rather, whether it would have been obvious to combine "the interrelated teachings" of the prior art as a whole. See KSR Int'l Co. v. Teleflex Inc., 127 S.Ct. 1727, 1740 (2007); In re Etter, 756 F.2d at 859 ("[T]he criterion being not whether the references could be physically combined but whether the claimed inventions are rendered obvious by the teachings of the prior art as a whole.").

Howmedica maintains that the question to be put before the jury is whether it would have been obvious to take the concept of an offset stem from the prior art and utilize that concept in the modular prosthesis system described in either U.S. Patent No. 4,936,853 to Fabian, et al. ("the Fabian patent") or the Insall-Burstein II knee system ("IB-II system"), and whether that combination of the prior art would have resulted in the claimed subject matter of the '313 patent.

In response, Zimmer claims that Howmedica has mischaracterized its arguments.

Zimmer states that it does not contend that any ability – or lack thereof – to physically combine prior art references is controlling, but argues that such evidence is relevant as part of the overall obviousness analysis. Zimmer correctly notes that KSR held that the obviousness analysis requires an "expansive and flexible" approach. 127 S. Ct. at 1739. Thus, Zimmer argues that as part of the expansive and flexible analysis of reasons, teachings, suggestions, or motivations to combine alleged prior art references, Zimmer and its experts must look to a variety of factors, including, but not limited to physical combination, and that the weight that the jury should give to such evidence is properly addressed through cross-examination and through presentation of Howmedica's own evidence.

Howmedica, in turn, claims that Zimmer has mischaracterized what Howmedica is seeking to preclude. Howmedica states that it is asking the court to preclude Zimmer from making a very specific argument: that the '313 patent is not obvious because features from the prior art cannot be physically combined. In other words, states Howmedica, Zimmer should not be allowed to argue to the jury that invalidity for obviousness depends on whether one of ordinary skill in the art could bodily insert component A from one prior art reference into component B of another prior art reference. Howmedica argues that, for example, whether one of ordinary skill in the art can physically combine the "ball-and-socket" offset stem of the Greenwald patent into the Fabian patent device is not relevant, and that the only relevant question is whether one of ordinary skill in the art would apply "inferences and creative steps" to incorporate the Greenwald patent's teaching of an offset stem concept into the Fabian patent.

Howmedica's motion, as narrowly worded, will be granted. Thus, Zimmer may not argue at trial that the '313 patent is not obvious solely because features from the prior art cannot

3

be physically combined. With respect to Zimmer's argument that the ability or inability to physically combine prior art references is relevant to part of the overall obviousness analysis, the court will rule on this evidence as it is presented at trial. Without knowing the specifics of all the arguments that will be presented it is impossible for the court to presently determine whether certain evidence is relevant to an overall analysis, or whether any undue prejudice or juror confusion would result from the admission of such evidence.

## Conclusion

On the basis of the foregoing, Howmedica's "Motion in Limine No. 2 (Invalidity)" [DE 504] is hereby GRANTED.

Entered: November 25, 2008.

s/ William C. Lee
William C. Lee, Judge
United States District Court