UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ZIMMER TECHNOLOGY, INC., and ZIMMER, INC. | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL NO. 3:02cv425 ) |
| HOWMEDICA OSTEONICS, CORP. | ) ) ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on "Motion in Limine No. 2 (Non-Infringement)" filed by Howmedica Osteonics, Corp. ("Howmedica") on September 10, 2008.

Discussion

Howmedica requests an order precluding Zimmer from making any arguments or references at trial (either through statements of counsel or by eliciting testimony from witnesses) that compare any structures other than from the accused Howmedica devices to the claimed structure of U.S. Patent No. 5,290,313 ("the '313 patent").

Howmedica states that Zimmer has indicated that it may attempt to compare the structure of products it sells that allegedly embody the '313 patent (i.e., its NexGen and Insall-Burstein II systems) with either (1) the claimed structure of the '313 patent or (2) with the structure of Howmedica's accused products. Howmedica also claims that Zimmer may attempt to mischaracterize the connecting structure of Howmedica's accused device by ignoring the thread-and-locking-nut connection structure.

Howmedica argues that the non-infringement analysis should be limited to only a comparison of the claimed invention with the accused product, and that references to extrinsic

commercial embodiments (e.g., Zimmer's NexGen or the products of other competitors), or mischaracterizations of the accused structure, will serve only to confuse the jury.

One issue in this case is whether the thread-and-locking-nut connection structure used in Howmedica's accused products is equivalent to the "stem mounting means" structure disclosed in the '313 patent, i.e. a Morse taper. The non-infringement analysis for this means-plus-function limitation requires a comparison of the connecting structure of Howmedica's accused devices with a Morse taper structure. See Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., 145 F.3d 1303, 1309 (Fed. Cir. 1998)("The proper test [for infringement of a means-plus-function limitation] is whether the difference between the structure in the accused device and any disclosed in the specification are insubstantial.").

Howmedica states that Zimmer has indicated that it may reference devices that use both a Morse taper and an augmenting screw, and then compare these non-claimed connection structures to either the claimed structure of the '313 patent or Howmedica's accused products. Howmedica argues that Zimmer's attempt to reference structures that are not part of the disclosure of the '313 patent is contrary to the law of the case and legally incorrect.

Howmedica argues that the Federal Circuit has already ruled that the '313 patent does not disclose a threaded screw connection structure, and that the only disclosure of a threaded screw structure in the '313 patent is to augment the disclosed Morse taper connection, not replace it. Zimmer Inc., 111 Fed. Appx at 601. Howmedica further contends that the Federal Circuit held that the infringement inquiry should focus only on determining whether the thread-and-locking-nut connection structure of the accused devices is equivalent to the Morse taper structure alone. Id. Howmedica concludes that because the Federal Circuit has already ruled that the optional

2

augmenting screw is not relevant to the non-infringement analysis, Zimmer should be precluded from arguing otherwise.

Further, Howmedica claims that Zimmer should be precluded from attempting to prove infringement by comparing the structure of any device, except that of the Howmedica accused products, to the claimed structure of the '313 patent. The determination of non-infringement is a two-step process: first, the claims of the patent are construed as a matter of law; second, the fact-finder compares the claims as construed to the accused product. Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1554 (Fed Cir. 1998)(en banc). With respect to the first step, Howmedica notes that this court has already construed each claim limitation it deemed necessary to construe, thus completing the first step. (DE 129 at 17-31). With respect to the second step, Howmedica argues that this step does not involve a comparison of the device claimed in the '313 patent to Zimmer's commercial products. See Zenith Lab. v. Bristol-Myers Squibb Co., 19 F.3d 1418, 1423 (Fed. Cir. 1994)("As we have repeatedly said, it is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other version of the product or process; the only proper comparison is with the claims of the patent.").

Finally, Howmedica argues that Zimmer should be precluded from making arguments that mischaracterize the thread-and-locking-nut structure of Howmedica's accused devices. According to Howmedica, Zimmer has indicated that it may make infringement arguments, or reference evidence, that focuses only on the threaded connection of Howmedica's accused devices, instead of considering the entire combined thread-and-locking-nut connection structure. Howmedica insists that black-letter patent law requires that the second step of the non-

3

infringement inquiry compare the claimed structure to the accused device. See Cybor Corp., 138 F.3d at 1554. Howmedica's accused devices use a locking-nut in addition to threads, thus Howmedica argues that any attempt by Zimmer to focus solely on the threaded connection structure of Howmedica's accused devices, divorced from and excluding the also-present locking-nut structure, would be contrary to the law and should be precluded.

In response, Zimmer acknowledges that it may not prove infringement by comparing Howmedica's accused products to Zimmer's commercial products. However, Zimmer argues that Howmedica's position that the structures of Zimmer's commercial products are irrelevant for all purposes runs counter to the law. Zimmer states that it does not intend to offer at trial any argument that Howmedica's accused products infringe the '313 patent merely because they are identical or substantially equivalent to commercially available embodiments of the claimed invention. Zimmer does, however, intend to introduce evidence including expert testimony and commercial embodiments of the claimed invention, that are relevant to the specific issue of equivalence between the threaded connection of the accused products and a tapered connection like that of the asserted claims.

Howmedica, in reply, strongly asserts that Zimmer's carved-out exception does not exist under the law. Zimmer has argued that even though a patent infringement analysis can only compare the structure of the accused products to the patent claims, it is permissible to circumvent this law when a "means-plus-function" claim limitation is involved. Howmedica, however, points out that Zimmer's cases stand only for the proposition that, for example, expert testimony can be used as evidence of whether "a person of ordinary skill" would find two structures, without comparing commercial products, to be interchangeable. IMS Tech., Inc. v.

Haas Automation, Inc., 205 F.3d 1422, 1437 (Fed. Cir. 2000); Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., 145 F.3d 1303, 1310 (Fed. Cir. 1998); Cybor Corp. v. FAS Techs., 138 F.3d 1448, 1457. Howmedica claims that, consistent with these cases, it is inappropriate for expert testimony or other evidence to argue that Howmedica's accused products infringe the '313 patent by comparing Zimmer's commercial embodiment (i.e., the NexGen) with Howmedica's accused products.

Howmedica also continues to object to Zimmer's intention to present evidence at trial that the Morse taper structure of the '313 patent is equivalent, not to the thread-and-locking-nut structure of Howmedica's accused products, but instead to a threads-only structure. Howmedica maintains that Zimmer's argument is erroneous as a matter of law because it is comparing the Morse taper structure to something (threaded-only design) which is not Howmedica's design. Howmedica argues that Zimmer incorrectly tries to create a new principle of law and place a burden of proof on Howmedica by arguing Howmedica has not shown that the locking nut is a "significant change" to a threads-only connection structure, and that thread-and-locking-nut and threads-only connection structures are allegedly one and the same for purposes of patent law. Howmedica asserts that while it has provided substantial evidence that it is the locking nut (not the threads) of Howmedica's accused product that performs that function of "mounting" two orthopedic implant components together, the test of alleged infringement must be applied to the accused product. Therefore, Howmedica concludes, any device containing a threads-only connection structure is not an accurate representation of the connection structure used in Howmedica's accused products rendering any such comparison legally erroneous and irrelevant for purposes of alleged infringement.

This court agrees with Howmedica, as its arguments are supported by the relevant case law. Accordingly, the motion in limine will be granted and Zimmer will be precluded from making any arguments or references at trial (either through statements of counsel or by eliciting testimony from witnesses) that compare any structures other than that used in the Howmedica accused products to the claimed structure of the '313 patent.

## Conclusion

Based on the foregoing, Howmedica's Motion in Limine No. 2 (Non-Infringement) [DE 516] is hereby GRANTED.

Entered: November 25, 2008.

s/ William C. Lee
William C. Lee, Judge
United States District Court