UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ZIMMER TECHNOLOGY, INC., and ZIMMER, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL NO. 3:02cv425 ) |
| HOWMEDICA OSTEONICS, CORP., | ) ) ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on "Motion in Limine No. 1 (Invalidity)" filed by Howmedica Osteonics, Corp. ("Howmedica"), on September 10, 2008.

Discussion

Howmedica requests an order precluding Zimmer from making any arguments or references at trial (either through statements of counsel or by eliciting testimony from witnesses) that U.S. Patent No. 5,290,313 ("the '313 patent") is nonobvious because Howmedica's prior art references are allegedly directed to a different purpose, solve a different problem, or claim different subject matter than the '313 patent. Howmedica claims that such arguments or references are irrelevant, contrary to the law of obviousness, risk substantial prejudice to Howmedica, including a high risk of juror confusion, and would cause the jury to hold Howmedica to an artificially high burden of proof.

One of the primary issues in this case is whether the '313 patent is invalid for obviousness. Howmedica states that it intends to offer clear and convincing evidence at trial showing that the '313 patent is invalid for obviousness in view of the prior art. For example, Howmedica will offer evidence that it would have been obvious before the '313 patent to

combine the concept modularity taught in either U.S. Patent No. 4,936,853 to Fabian, et al. ("the Fabian patent") or the Insall-Burstein II knee system ("IB-II system") with one of a number of pre-existing offset stem prosthesis systems, including the offset stem prior art knee implant made in 1978 at the Hospital for Special Surgery ("the 1978 HSS implant"), a 1991 implant, or the offset prosthesis systems of U.S. Patent No. 4,106,128 to Greenwald ("the Greenwald patent") or a 1991 French patent application to Loda ("the Loda reference").

According to Howmedica, Zimmer has indicated that it may argue that the '313 patent is nonobvious because these prior art references were allegedly directed to solving a different problem than the '313 patent or claimed a different subject matter.

Howmedica contends that Zimmer's arguments should be excluded because they are contrary to the Supreme Court's test for determining invalidity for obviousness. In KSR Int'l Co. v. Teleflex Inc., 127 S.Ct. 1727, 1742 (2007), the Supreme Court held that it is error to assume "that a person of ordinary skill attempting to solve a problem will be led only to those elements of prior art designed to solve the same problem." As noted in KSR, "[o]ften, it will be necessary for a court to look to interrelated teachings of multiple patents; the effects of demands known to the design community or present in the market place; and the background knowledge possessed by a person having ordinary skill in the art. It has long been black letter law that a prior art reference "must be considered for everything it teaches by way of technology and is not limited to the particular invention it is directed to or attempting to protect." EWP Corp. v. Reliance Universal, Inc., 755 F.2d 898, 907 (Fed. Cir. 1985). Thus, Howmedica concludes that Zimmer's arguments are based on an incorrect legal standard and should be excluded.

In response, Zimmer argues that Howmedica's motion should be denied because this

court has already ruled that a genuine issue of material fact exists regarding whether one of ordinary skill in the art would be motivated to combine prior art references that address problems different from that addressed by the '313 patent. (DE 338 at 27-29). Zimmer notes that KSR held that the obviousness analysis should not adopt rigid constraints but should be "expansive and flexible".

Obviousness under 35 U.S.C. § 103(a) is a legal question, based on underlying factual determinations. See e.g., Eisai Co. v. Dr. Reddy's Labs, Ltd., 533 F.3d 1353, 1356 (Fed. Cir. 2008). One of these underlying factual inquiries includes an assessment of "the scope and content of the prior art." Id. Pre-KSR case law held that prior art includes only "art that is reasonably pertinent to the particular problem with which the invention was involved." Ruiz v. A.B. Chance Co., 234 F.3d 654, 664 (Fed. Cir. 2000); Bancorp Servs., L.L.C. v. Hartford Life Insur. Co., 359 F.3d 1367, 1375 (Fed. Cir. 2004). Thus, even if (as Zimmer argues), to prove obviousness Howmedica must show by clear and convincing evidence that there was a motivation or suggestion to combine the references, Ortho-McNeil Pharm., Inc. v. Mylan Labs., Inc., 520 F.3d 1358, 1365 (Fed. Cir. 2008), KSR's standards would apply in making this determination. Thus Zimmer's pre-KSR cases on this issue, i.e., In re Rouffet, 149 F.3d 1350, 1357 (Fed. Cir. 1998) and In re Clay, 966 F.2d 656, 659 (Fed. Cir. 1992), are not on point.

In response to Howmedica's motion for summary judgment, Zimmer rebutted certain prior art combinations presented by Howmedica by arguing that one of ordinary skill in the art would not be motivated to make the alleged combinations because the references addressed different problems than that addressed by the '313 patent. In ruling on Howmedica's motion for summary judgment, this court stated:

> While the prior art and patent at issue deal with orthopedic
> prostheses, each invention addresses a very distinct and different
> problem. Howmedica has not presented any evidence beyond the
> assertion of its expert that there would have been a motivation to
> combine, and Zimmer denies that one of ordinary skill in the art
> would have selected these components for combination in the
> manner claimed. The expert reports before this Court contain
> improper hindsight-driving analysis. Therefore, the Court finds
> that there are material questions of fact as to: (1) whether the
> Greenwald and Fabian patents teach away from their combination
> and (2) whether there exists motivation to combine the resources to
> obtain the '313 patent.

(DE 338 at 29). Thus, Zimmer argues that the issues of material fact that this Court identified in its order exist today, and are for the jury to resolve. This court agrees that the issues identified continue to be issues for the jury to resolve, but it does not follow that Zimmer's requested narrowing of the scope of the evidence to be presented to the jury is appropriate, especially in light of KSR.

After the KSR decision, Howmedica moved again for summary judgment based on a combination of the Fabian patent and the Greenwald patent. It argued that KSR "eliminated this 'motivation to combine' as a required test, thus erasing this Court's only reason for denying summary judgment." (DE 457 at 30). This Court disagreed and noted that KSR merely clarified that the obviousness standard is a non-rigid test. (DE 457 at 30-31). The court reiterated its prior holding that "there [are] material questions of fact as to . . . whether there exists a motivation to combine the resources to obtain the '313 patent." (DE 457 at 31). Zimmer concludes that because this court has already determined that the different problems addressed by the prior art references and the '313 patent are an issue for the jury to consider, it should deny Howmedica's motion in limine. Again, this court agrees that the issues Zimmer has identified are issues for the jury to resolve, but this weighs in favor of granting Howmedica's motion and precluding Zimmer

4

from limiting the evidence.

Howmedica strongly asserts that Zimmer's response conflicts with the KSR obviousness inquiry. Howmedica argues that Zimmer claims to follow KSR's "expansive and flexible" approach to obviousness, but then proceeds to argue the opposite – that KSR also requires a more restrictive obviousness analysis whereby the field of available prior art is limited to the alleged problem solved by the '313 patent.

As noted above, in KSR, the Supreme Court rejected the rigid application of the Federal Circuit's "teaching, suggestion, or motivation" test (TSM test). According to the Supreme Court, it is error for courts to look only to the problem that the patentee was trying to solve. To the contrary, "any need or problem known in the field of endeavor at the time of invention and addressed by the patent can provide a reason for combining the elements in the manner claimed." Id. at 1742. Moreover, it is error to assume that "a person of ordinary skill attempting to solve a problem will be led only to those elements of prior art designed to solve the same problem." Id. Following the Supreme Court's "common sense" approach, "familiar items may have obvious uses beyond their primary purposes, and in many cases a person of ordinary skill will be able to fit the teachings of multiple patents together like pieces of a puzzle." Id.

Howmedica maintains that Zimmer has indicated that it intends to make exactly the type of narrow, restrictive, and rigid arguments that were rejected in KSR. According to Howmedica, Zimmer has indicated that it will argue that:

1. the obviousness analysis should be limited only to those elements of prior art designed to solve the same problem as the '313 patent;

2. one of ordinary skill in the art would reject the Fabian patent for purposes of obviousness because its "primary purpose" was allegedly directed to polyethylene articular surfaces;

5

3. one of ordinary skill in the art would reject the 1978 HSS implant and 1991 Howmedica implants for purposes of obviousness because their "primary purposes" were allegedly directed to single patient physiology;

4. one of ordinary skill in the art would reject the Greenwald patent for purposes of obviousness because its "primary purpose" was allegedly directed to providing a "moment arm" for wrist articulation;

5. one of ordinary skill in the art would reject the Loda reference for purposes of obviousness because its "primary purpose" was allegedly providing sliding wrist articulation.

Howmedica argues that each of these arguments should be precluded under KSR, because KSR held that: "In determining whether the subject matter of a patent claim is obvious, neither the particular motivation nor the avowed purpose of the patentee controls. . . [t]he first error of the Court of Appeals in this case was to [hold] that courts and patent examiners should look only to the problem the patentee was trying to solve."

Howmedica further contends that Zimmer's citation to pre-KSR law is unavailing. According to Howmedica, each of the pre-KSR cases cited by Zimmer does not even relate to the issue of reasons for combining prior art references. Rather, each of Zimmer's cases stand only for the view that any prior art references analyzed for purposes of obviousness must broadly come from "analogous art". See e.g., In re Clay, 966 F.2d 656, 658-59 (Fed. Cir. 1992). Howmedica argues that, contrary to Zimmer's mischaracterization, prior art references fall within "analogous art" for purposes of obviousness if they (1) are "reasonably pertinent" to the problem the inventor was trying to solve, or (2) come from within the "same field of endeavor." See In re Paulson, 30 F.3d 1475, 1481 (Fed. Cir. 1994). The Federal Circuit broadly defines the "field of endeavor" to relate not to the "specific problem" or "primary purpose" of the patent-in-suit or prior art references, but rather, the field of technology from which they come. See In re

6

Bigio, 381 F.3d 1320 (Fed. Cir. 2004)(toothbrushes and hair brushes analogous art); In re Paulsen, 30 F.3d 1475 (Fed. Cir. 1994)(hinges for a portable computer and hinges on other mechanical devices); Revlon, Inc. v. Carson Prods. Co., 803 F.2d 676, 678 (Fed. Cir. 1986)(animal hide treatment and human hair treatment). KSR itself found a prior art reference relating to mechanical brake pedals to be within the broad scope and content of the prior art to a patent on an electric brake pedal. 127 S.Ct. at 1744.

Howmedica notes that in the present case the court has already ruled that the "scope and content" of the analogous prior art is orthopedic implants. (DE 338 at 24-25). Moreover, in its response to a prior summary judgment motion relating to the Greenwald patent, Zimmer did not dispute Howmedica's arguments that wrist implants and knee implants are from analogous art. (DE 264 at 32). According to Howmedica, Zimmer's experts, in their expert reports or testimony, have never contended that any prior art references cited by Howmedica are from non-analogous art.

This court agrees with Howmedica that Zimmer's anticipated arguments are contrary to law. To the extent that Zimmer intends to argue or present evidence that prior art (in the obviousness context) is only that prior art that addresses the particular problem confronting the inventor, or is directed to the same purpose, or claims the same subject matter as the '313 patent, then such arguments and evidence are precluded.

## Conclusion

On the basis of the foregoing, Howmedica's "Motion in Limine No. 1 (Invalidity)" [DE 503] is hereby GRANTED.

7

Entered: November 25, 2008.

                                                s/ William C. Lee
                                                William C. Lee, Judge
                                                United States District Court