# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| ZIMMER TECHNOLOGY, INC., ) | |
| AND ZIMMER, INC., ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Cause No.: 3:02-CV-425** |
| ) | |
| HOWMEDICA OSTEONICS CORP., ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Defendant Howmedica Osteonics Corp. ("Howmedica") has filed several motions in

limine. Plaintiffs Zimmer Technology, Inc. and Zimmer, Inc. (referred to collectively as

"Zimmer") filed briefs in opposition to the motions, and Howmedica has filed replies. This

Order contains the Court's rulings on several of those pending motions.

### 1. HOWMEDICA'S MOTION IN LIMINE NO. 7 (INVALIDITY): ARGUMENTS CONTRARY TO GOVERNING CLAIM CONSTRUCTION ARE LEGAL ERROR AND IRRELEVANT.

In this motion, Howmedica "moves the Court . . . for an Order precluding [Zimmer] from

making any arguments or references at trial . . . that the claims of U.S. Patent No. 5,290,313

("the '313 patent") require features or elements not set forth in the patent claims or this Court's

or the Federal Circuit's claim construction." Howmedica's Motion in Limine No. 7, docket at

509, p. 2.[1]   Howmedica argues that "[p]recluding arguments or references to unsupported or

incorrect claim constructions is necessary to avoid potential juror confusion over the scope and

---

[1] The page numbers cited by the Court in this Order refer to the page numbers assigned to
documents by this Court's electronic docketing system. As such, the page numbers may or may
not correspond to the numbers placed on those documents by the parties.

meaning of the patent claims." *Id.* (citations omitted). Howmedica maintains that this Court

"construed each claim limitation it deemed necessary to construe and clearly stated in [the

Court's Order of October 12, 2005] that it would not revisit the issue of claim construction." *Id.*,

p. 3 (citing this Court's Order, docket at 129). Howmedica states that "Zimmer has indicated in

its expert reports and motion papers that it may make . . . arguments in contravention of the '313

patent claims and the Court's claim construction Order[.]" *Id.*, p. 4. These arguments, according

to Howmedica, may include the following:

1) An argument by Zimmer "that a prior art knee implant made in 1978 at the Hospital for

Special Surgery . . . does not disclose an offset stem as claimed in the '313 patent because it does

not disclose an offset stem for the purposes of 'base plate coverage' or 'accommodating an offset

bone canal.'"

2) An argument "that prior art wrist implants patented in 1978 to Greenwald . . . or described in a

1991 French patent application to Loda . . . do not disclose an offset stem as claimed in the '313

patent because they allegedly do not disclose stem extensions inserted 'entirely' into the bone

canal. . . . But the '313 patent does not require that the stem extension be inserted entirely into a

bone canal."

3) An argument "that the offset stem extensions disclosed in the prior art Greenwald patent and a

1991 French patent application to Loda . . . would not have been obvious to incorporate into

prior art modular prosthesis systems because the Greenwald patent and Loda reference are

directed to wrist implants and 'non-weight-bearing joints.' But the '313 patent broadly claims a

'modular prosthesis system.' It is not limited to knee implants or weight-bearing joints."

*Id.* Howmedica contends that "these arguments . . . are directly contrary to the plain language of

the '313 patent claims and this Court's claim construction Order.  If Zimmer is allowed to make these arguments at trial, the jury will likely be confused regarding the proper scope of the patent claims."  *Id.*, p. 5.

In its response, Zimmer maintains that its proposed arguments "are in accord with the law and not contrary to this Court's claim constructions."  Zimmer's Response, docket at 546, p. 1. Zimmer further argues that "[t]he patent claims that this Court did not expressly construe are given their plain and ordinary meaning and are still limitations of the claim. . . . Further, it is black-letter law that whether a limitation is present in the prior art is a ***question of fact***."  *Id.* (citing *Akamai Tech., Inc. v. Cable and Wireless Internet Serv., Inc.*, 344 F.3d 1186, 1192 (Fed. Cir. 2003) (emphasis in original)).  Zimmer also argues in its response that Howmedica's Motion in Limine No. 7 "is no more than an untimely and unsupported motion for summary judgment . . ." and that "all of the examples [of alleged improper evidence] are pulled from Zimmer's briefing in opposition to motions for summary judgment filed by Howmedica, all of which this Court denied."  *Id.*, p. 1 and 2 (n. 1).  Finally, Zimmer also argues that the evidence it intends to present, as listed in Howmedica's motion, relates "not to whether any particular limitation is disclosed" but rather to the entire issue of obviousness.  *Id.*, p. 2.  Zimmer states that "if there are features of the alleged prior art that would discourage combination, that evidence is relevant for a jury to consider–regardless of whether the features are claim limitations."  *Id.*  (citing *KSR Int'l Co. v. Teleflex, Inc.*, 127 S.Ct. 1727, 1741 (2007)).  Zimmer contends that the arguments and evidence Howmedica seeks to preclude should be permitted since they "are directed to the factual question of reasons to combine alleged prior art references and comparison of alleged prior art to specific limitations of Zimmer's patent."  *Id.*, p. 4.

Howmedica states in its reply brief that it "is not asking the Court to enter a dispositive ruling on any issue. Nor is Howmedica asking the Court to construe any new or additional claim terms not already construed. To the contrary, Howmedica is simply asking that the Court (1) hold Zimmer to the constructions of the claims already set forth by this Court in its October 12, 2005 Order, and (2) prevent Zimmer from arguing any new claim constructions." Howmedica's Reply, docket at 577, p. 2.

The Court concludes that Howmedica's Motion in Limine No. 7 should be denied. The arguments Howmedica seeks to preclude Zimmer from presenting at trial do not present new claim constructions. Rather, as Zimmer points out, they are relevant to the issue of obviousness and prior art, which are issues for the jury to resolve. And of course, if this evidence and argument is allowed, nothing prevents Howmedica, during cross-examination of Zimmer witnesses or during rebuttal, from arguing that this evidence is merely an attempt by Zimmer to present improper claim constructions or to cloud the issues pertaining to the obviousness of alleged prior art. In any event, for purposes this preliminary pretrial ruling, Howmedica's Motion in Limine No. 7 is DENIED.

### 2. HOWMEDICA'S MOTION IN LIMINE NO. 8 (INVALIDITY): ARGUMENTS THAT PERSONS OF ORDINARY SKILL IN THE ART WOULD NOT BE AWARE OF OR LOOK TO PRIOR ART ARE LEGALLY ERRONEOUS.

In this motion, Howmedica moves the Court for an order "preluding [Zimmer] from making any arguments or references at trial . . . relating to whether one of ordinary skill in the art would 'look to' certain prior art references for purposes of obviousness. Specifically, the Court should preclude Zimmer from arguing that one of ordinary skill in the art would not 'look to' wrist implant patents for features to use in a knee implant." Howmedica's Motion in Limine No.

8, docket at 510, p. 2. Howmedica contends that such evidence or argument is "irrelevant, legal error, contrary to the law of obviousness, risk[s] substantial prejudice to Howmedica, including a high risk of juror confusion, and would cause the jury to hold Howmedica to an artificially high burden of proof." *Id*. Howmedica argues that "[u]nder the law of invalidity for obviousness" alleged prior art "must be from 'analogous art,' i.e., within the same 'field of endeavor.'" *Id*. (quoting *In re Bigio*, 381 F. 3d 1320, 1325 (Fed. Cir. 2004)). Howmedica claims that this Court "has already ruled that wrist implants and knee implants both fall within the 'scope and content' of the analogous prior art to be considered." *Id*. (citing this Court's Order, docket at 338, pp. 24-25). Howmedica also points out that Zimmer, in one of its responses "to a prior summary judgment motion relating to the Greenwald patent," conceded that "wrist implants and knee implants both fall within the same field of endeavor, i.e., orthopedic implants." *Id*., p. 3. It is Howmedica's position, then, that if Zimmer is allowed to argue that persons of ordinary skill in the art would *not* "look to" this analogous prior art, such an argument would be an improper attempt "to circumvent the 'analogous art' test." *Id*. Howmedica claims that if Zimmer is permitted to argue and/or present evidence that persons of ordinary skill in the art would not necessarily have been aware of, or looked to, prior orthopedic implants, such arguments would improperly cloud the issue (i.e., the defense) of obviousness. *Id*. Howmedica points out that "'[c]ommon sense teaches . . . that familiar items may have obvious uses beyond their primary purposes, and in many cases a person of ordinary skill will be able to fit the teachings of multiple patents together like pieces of a puzzle.'" *Id*. (quoting *KSR v. Teleflex*, 127 S.Ct. at 1742. Thus, according to Howmedica, "whether one would 'look to' the prior art references is only relevant to the analogous art issue, <u>not</u> the reason to combine issue." *Id*., p. 4 (emphasis in original).

5

Zimmer responds by arguing that "[e]ven if alleged prior art references are analogous in the broad sense, i.e., in the same field of endeavor, it does not necessarily mean that one of ordinary skill in the art would be motivated to combine them. This is true even where one of ordinary skill in the art is presumed to be aware of the references, as the law is clear that mere awareness of the reference does not create a reason to combine it with any other reference." Zimmer's Response, docket at 547, p. 1. Zimmer notes that this Court, in an Order denying Howmedica's motion for summary judgment on the issue of invalidity, wrote that "'[w]hile the prior art and patent at issue deal with orthopedic prostheses, each invention addresses a very distinct and different problem.'" *Id.*, p. 2 (quoting this Court's Order, docket at 338, p. 29). Zimmer argues that "[w]hen faced with the same problem addressed by the patent-in-suit, it is possible that one of ordinary skill in the art would not consider references within the same field of endeavor when those references are directed at solving different problems." *Id.* (citing *In re Clay*, 966 F.2d 656, 659 (Fed. Cir. 1992)). Zimmer concludes that its "non-obviousness defenses are neither irrelevant or contrary to the law, and this Court should deny Howmedica's motion." *Id.*, p. 2.

Howmedica argues in its reply that Zimmer "erroneously argues that what a person of ordinary skill in the art would 'look to' is relevant to the 'motivation to combine' inquiry. . . . As Howmedica explained in its motion in limine, consideration of whether one of ordinary skill in the art would 'look to' certain prior art references for purposes of obviousness is only relevant to the inquiry of whether the prior art references are from 'analogous art,' i.e., within the same 'field of endeavor.'" Howmedica's Reply, docket at 578, p. 2 (citations omitted). "Once two references are determined to be from analogous art, a person of ordinary skill in the art is

presumed to be aware of them. . . . At this point, there is no longer a question of whether that person of ordinary skill in the art would '<u>look to</u>' the references–the only question remaining is whether he would have a reason to <u>combine</u> the references that he is presumed to be aware of." *Id*. (citing *In re Gorman*, 933 F.2d 982, 986 (Fed. Cir. 1991)). "Therefore, because what a person of ordinary skill in the art would 'look to' is legally irrelevant to the question of whether such person would have a reason to combine the prior art, the Court should grant Howmedica's motion." *Id*., p. 3.

The Court first points out that its discussion of the issue of analogous art (specifically, the comparison of wrist implants versus knee implants), as set forth in its prior Order on Howmedica's motion for summary judgment on the issue of invalidity, was presented within the context and parameters of the standard governing motions for summary judgment. The Court did indeed (as Zimmer quotes) state that wrist implants and knee implants serve distinct purposes. Based only in part on that conclusion, the Court determined that material issues of fact on the much broader subject of invalidity precluded the entry of summary judgment in favor of Howmedica. However, it is likewise true, as Howmedica points out, that the Court also ruled that wrist implants and knee implants fall within the scope of "analogous art." The evidentiary issue before the Court now is whether Zimmer should be permitted to argue the opposite–that wrist implants and knee implants are *not* analogous and therefore such prior art cannot be considered on the issue of invalidity. The Court concludes, again as a preliminary matter for purposes of the present motion in limine, that Zimmer should not be permitted to argue to the jury that persons of ordinary skill in the art would not look to or be aware of prior art. To hold otherwise could, as Howmedica argues, impose an unrealistic burden of proof on Howmedica's

invalidity defense and/or unduly confuse the jury concerning issues relevant to the invalidity

inquiry.  For these reasons, Howmedica's Motion in Limine No. 8 is GRANTED.

### 3.  HOWMEDICA'S MOTION IN LIMINE NO. 9 (INVALIDITY): ZIMMER IS NOT ENTITLED TO EARLIER ALLEGED INVENTION DATE.

In this motion, Howmedica moves the Court "for an Order precluding [Zimmer] . . . from

making any arguments or references at trial . . . that any alleged invention claimed in [the '313

patent] was invented earlier than the November 23, 1992 filing date of the '313 patent."

Howmedica's Motion in Limine No. 9, docket at 511, p. 2.  According to Howmedica, "Zimmer

has not produced any evidence, or elicited any testimony, that would be sufficient to prove a date

of invention earlier than November 23, 1992.  Accordingly, allowing Zimmer to introduce this

argument at trial would serve only to confuse the jury and waste judicial resources."  *Id*.  The

date of invention is important since, as Howmedica points out, "[u]nder Section 102(a), a device

or publication is prior art if it was published before the 'date of invention' of the '313 patent."

*Id*. (citing 35 U.S.C. § 102(a)).  Furthermore, "[a] patent is initially presumed by law to have

been allegedly invented, for purposes of Section 102(a), on its filing date."  *Id*. (citations

omitted).  Howmedica contends that "Zimmer has indicated that the '313 patent was allegedly

conceived on an earlier date, i.e., July 17, 1991, citing to a handful of laboratory notebook pages.

. . . But this document does not evidence conception of the alleged claimed inventions of the

'313 patent.  In order to provide evidence of conception, this document must evidence

conception of all of the limitations of independent claim 1, as well as all of the limitations of the

dependent claims."  *Id*., p. 3 (citing *Singh v. Brake*, 222 F.3d 1362, 1367 (Fed. Cir. 2000)

(emphasis in original)).  Howmedica also points out that even if a party presents sufficient

evidence of an earlier conception date, the party "must also provide evidence of timely reduction

to practice, with associated diligence." *Id.*, p. 4 (citing *Aspex Eyewear v. Revolution Eyewear, Inc.*, 2001 LEXIS 25830 (C.D. Cal. June 4, 2001)). According to Howmedica, "Zimmer alleges that the '313 patent was actually reduced to practice on August 7, 1991 when a non-existing prototype of an offset stem extension was allegedly presented to, and approved by, surgeons working with Zimmer. . . . But this single document provides no drawings or blueprints, and only vaguely and generally describes the offset stem." *Id.* Citing the *Singh* case, Howmedica argues that this is insufficient evidence to establish the existence of the '313 patent device at a date earlier than the patent filing date.

Zimmer responds to this particular motion in limine by arguing that it is a "disguised" motion for partial summary judgment. Zimmer takes issue with Howmedica's assertion that it has not produced any evidence to support its argument that the '313 patent was conceived on a date earlier than the date of the filing of the patent. Zimmer's Response, docket at 548, p. 2. Zimmer contends that "this statement [is] untrue[.]" and that "it sounds in summary judgment[.]" since it seeks, according to Zimmer, to preclude relevant evidence on the theory that it is insufficient. *Id.* Zimmer argues that "[b]ecause Howmedica does not contend that certain evidence presented by Zimmer is irrelevant to the factual questions relating to the invention date of the '313 patent, this Court should deny Howmedica's motion." *Id.*[2]

The Court concludes that Zimmer's argument is correct. There is, of course, a fundamental difference between an arguably very small amount of evidence and a complete lack of evidence on a specific issue. Howmedica does not argue that Zimmer has *no* evidence to

_____

[2] Howmedica's reply brief (docket at 579) reiterates the arguments made in its original brief in support of this motion.

support its argument that the '313 patent was conceived and/or reduced to practice at a date earlier than the patent filing date. Rather, Howmedica argues that Zimmer's evidence on this point is insufficient to prove its truth. That might be true, but it is for a jury to decide the weight and sufficiency of all relevant evidence. The date of conception of the '313 patent is a contested issue of fact in this case. Zimmer may present whatever otherwise admissible evidence it has on that point and Howmedica may then attempt to refute it or challenge its sufficiency. The jury will then bear the burden of resolving the matter. For these reasons, Howmedica's Motion in Limine No. 9 is DENIED.

### 4. HOWMEDICA'S MOTION IN LIMINE NO. 10 (INVALIDITY): (FILED UNDER SEAL).

Howmedica's Motion in Limine No. 10 was filed under seal. Docket at 522. The motion raises an issue which, if made a part of the public record in this case, could conceivably unduly prejudice Howmedica. The Court has reviewed the parties' briefs regarding this particular motion. Docket at 522 (Motion), 549 (Zimmer's Response), and 586 (Howmedica's Reply). The Court's ruling on this particular motion will be contained and explained in a separate Opinion and Order, which itself will be filed under seal.

### 5. HOWMEDICA'S MOTION IN LIMINE NO. 11 (INVALIDITY): EVIDENCE EXCLUSIVE TO OTHER TRIAL PHASES IS IRRELEVANT AND HIGHLY PREJUDICIAL.

Howmedica argues in this motion in limine that certain evidence that is relevant only to other phases of the trifurcated trial in this case should not be presented during the first phase of trial. Howmedica's Motion in Limine No. 11, docket at 512. Howmedica contends that Zimmer should be precluded from presenting evidence during the first phase of trial (the "invalidity phase") that is "related to issues that will be tried exclusively in the non-infringement and

damages phases of the trial . . . ." *Id.*, p. 2. Specifically, Howmedica asks the Court to "exclude

at least the following evidence and testimony from the invalidity phase of the trial:

> [1] Evidence of alleged willful infringement or bad faith litigation;
>
> [2] Evidence of Zimmer's alleged damages or alleged lost profits; and
>
> [3] Testimony from witnesses regarding the above issues, i.e., Charles Donohoe
>
> (Zimmer's attorney expert on Howmedica's alleged corporate recklessness) and Louis Dudney
>
> (Zimmer's accountant expert on Zimmer's alleged damages), both of whom were listed on
>
> Zimmer's invalidity phase witness list."

*Id.* Howmedica argues that these items of evidence, if presented during the invalidity phase of

this case, "are irrelevant to any issue in the invalidity phase, risk substantial prejudice to

Howmedica, including a high risk of juror confusion, and would cause the jury to hold

Howmedica to an artificially high burden of proof." *Id.*

In its response in opposition to Howmedica's Motion in Limine No. 11, Zimmer argues

that "Howmedica identifies no particular evidence that it seeks to exclude from the Phase 1 trial,

but the generalized categories it lists in fact squarely overlap with secondary considerations

evidence critical to the Phase 1 trial. The law requires that any secondary considerations be

assessed as part of any obviousness analysis." Zimmer's Response, docket at 550, p. 1 (citing

*KSR Int'l Co. v. Teleflex, Inc.*, 127 S.Ct. 1727, 1734 (2007)). Thus, Zimmer's opposition to the

motion is twofold. First, since Howmedica presents only a list of what Zimmer characterizes as

"generalized" evidence, the motion in limine should be denied since there are no specific items of

evidence that the Court can conclude should be precluded. Second, Zimmer maintains that much

of the evidence Howmedica seeks to preclude may include relevant and admissible evidence that

11

necessarily "overlaps" more than one phase of the trial. *Id*., generally. Zimmer states that "[t]hough Howmedica's motion speaks in terms of evidence 'exclusive' to one phase or another, it fails to identify any specific evidence that may need to be sequestered in a single phase of trial." *Id*., p. 2. Zimmer's overriding argument, then, is that Howmedica's motion paints with too broad a brush.

For example, Zimmer claims that "[t]he secondary consideration of copying directly overlaps with evidence of willful infringement[.]" *Id*. Zimmer also argues that "the secondary consideration of commercial success directly overlaps with evidence of Zimmer's damages and sales, and Zimmer disclosed Mr. Dudney on its witness list to specifically address evidence of commercial success." *Id*.

In its reply brief, Howmedica argues that "[a]ny alleged lack of awareness on Zimmer's part of the specific evidence Howmedica proposes to exclude from the Phase 1 (invalidity) part of the trial is not credible. That is because the topics that Howmedica proposes to exclude from the invalidity phase of this trial are topics that this Court deliberately chose to separate into distinct and separate phases of this trial." Howmedica's Reply, docket at 587, p. 3. Howmedica also argues that other courts have specifically excluded such evidence in similar bifurcated or trifurcated trials. *Id*., p. 2 (citing *W.R. Grace & Co. v. Viskase Corp.*, 1991 LEXIS 14651 *3-4 (N.D. Ill. Oct. 11, 1991) (evidence of willful infringement not admitted during validity phase of a trifurcated trial); *Sam's Wines & Liquors, Inc. v. Wal-Mart Stores, Inc.*, 1994 LEXIS 13725 *29 (N.D. Ill. Sept. 26, 1994) (evidence of damages not admitted during liability phase of bifurcated trademark infringement trial)).

Even Zimmer suggests that "[r]ather than attempt to define (and argue) whether a broad

category of evidence belongs in one, two, or three phases of trial, the better approach is to address specific evidentiary issues as they arise at trial." Zimmer's Response, pp. 2-3. The Court agrees that not only is this the better approach, it is the only approach. But while Zimmer argues that Howmedica's motion in limine should be denied because of its overbroad approach, the Court concludes that the motion should be granted. Notwithstanding the arguably broad language Howmedica uses when it lists the evidence it wants precluded from the first phase of trial, its points are well taken. Therefore, the Howmedica's Motion in Limine No. 11 will be GRANTED. Zimmer then has the burden at trial, outside of the hearing and/or presence of the jury, to argue for the admissibility of evidence during the first phase of trial that it contends overlaps issues to be presented in subsequent phases.

## CONCLUSION

For the reasons set forth in this Order, the Court rules as follows:

1. Howmedica's Motion in Limine No. 7 (docket at 509) is DENIED;

2. Howmedica's Motion in Limine No. 8 (docket at 510) is GRANTED;

3. Howmedica's Motion in Limine No. 9 (docket at 511) is DENIED;

4. Howmedica's Motion in Limine No. 10 (docket at 522) will be ruled on by way of a separate Order; and

5. Howmedica's Motion in Limine No. 11 (docket at 512) is GRANTED.

Date: November 25, 2008.

                                        /s/   William C. Lee
                                        William C. Lee, Judge
                                        United States District Court
                                        Northern District of Indiana