UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

ZIMMER TECHNOLOGY, INC. and )
ZIMMER, INC., )
 )
    Plaintiffs, )
 )
  v. ) CIVIL NO. 3:02cv425
 )
HOWMEDICA OSTEONICS CORP., )
 )
    Defendant. )

## OPINION AND ORDER

This matter is before the court on "Zimmer's Motion for Protective Order" filed by Zimmer Technology, Inc. and Zimmer, Inc. (collectively "Zimmer") on November 11, 2008. The defendant, Howmedica Osteonics Corp. ("Howmedica"), filed its response on November 19, 2008, to which Zimmer replied on November 25, 2008. Howmedica filed a sur-reply on December 1, 2008. The court held a telephone hearing on the motion on December 12, 2008.

For the following reasons, the motion will be denied.

## Discussion

On October 14, 2008, this court held a telephone hearing on a discovery issue presented by Howmedica by way of a motion for sanctions against Zimmer. At this hearing the court reopened discovery for a period of 90 days. On October 24, 2008, Howmedica served a new round of deposition notices, discovery requests, and requests for admissions. Zimmer objects to much of this discovery, contending that the discovery exceeds the scope of the court's ruling. Zimmer claims that most of Howmedica's new discovery requests are a fishing expedition related to alleged litigation misconduct by Zimmer, which conduct precipitated Howmedica's motion for sanctions. Zimmer complains that Howmedica seeks to delve into the conduct,

decisions, mental impressions, and advice of Zimmer's counsel[1]. Zimmer requests that the discovery be narrowed to "the Burstein documents" and discovery into the facts contained in the documents.

In response, Howmedica reiterates the basis for its motion for sanctions, noting that four weeks before the scheduled trial date in this case, Howmedica produced the complete IB-II design file consisting of about 3,000 pages of highly relevant documents which Howmedica had sought via discovery requests nearly three years ago. Thus, Howmedica filed a motion for sanctions based on what it views as serious litigation misconduct by Zimmer. Part of Howmedica's requested relief in its motion for sanctions was to have discovery reopened as to the Burstein documents, so that as it reviewed the documents it could discover facts related to and arising from the newly disclosed documents.

Howmedica states that it has now served discovery directed to three issues: (1) the late-produced IB-II system design and development documents (2) related discovery stemming from these documents (e.g. the sales, marketing, and custom implant information described in the documents), and (3) the process by which Zimmer collected and evaluated documents in response to Howmedica's documents requests.

Howmedica correctly notes that this court's ruling (proceeding from the October 14, 2008 telephone hearing) granted Howmedica the right to take discovery on the Burstein documents and "whatever may flow from that". As is evident from the discussion at the

---

[1] Howmedica originally had requested to depose Zimmer's trial counsel, but later indicated to Zimmer that it was withdrawing this request. Zimmer still objects, however, that "Howmedica still seeks the same information from a deposition of Zimmer and through interrogatories and other requests directed at trial counsel's mental impressions and analysis." (Zimmer Reply Brief, at fn. 1).

hearing, the court intended that Howmedica be able to use the Burstein documents as a springboard to other relevant discovery. That is, upon review of the documents, it would become clear to Howmedica that it needed to take further depositions, ask for further admissions, request additional documents, etc. In effect, Howmedica was granted the right to take whatever discovery it would have taken if it had received the Burstein documents in a timely fashion.

Additionally, as Howmedica has correctly discerned, Zimmer's litigation conduct has now become an issue in this case. The court opined at the October 14 hearing that it did not have sufficient facts before it to rule on the motion for sanctions, and thus took the motion under advisement, noting that an evidentiary hearing might be necessary before a ruling could be issued. Howmedica has thus interpreted the court's stance as indicating that, in addition to being granted the right to conduct discovery that had previously been denied, it was also granted the right to gather more information to present to the court in support of its motion for sanctions.

Clearly, Howmedica is correct. Discovery was reopened as to the Burstein documents, discovery arising (or flowing) from the Burstein documents, and "all related matters", i.e., the pending motion for sanctions. (See Transcript of October 14 hearing at 4, 7). However, the court strongly admonishes Howmedica to be mindful of Zimmer's rights regarding privileged attorney-client communications, or risk being sanctioned. The court is not presently in a position to make an item-by-item ruling on each of Howmedica's pending discovery requests, nor is the court currently able to determine whether the crime-fraud exception applies to some or all of Howmedica's requests. Thus, as discovery proceeds as clarified in this order, Zimmer may renew its motion for protective order with respect to specific discovery requests, in which it should fully brief its precise reasons for objecting to the discovery. The court will then, after

3

receiving complete briefing and reviewing the evidence <u>in camera</u> if necessary, issue a ruling on the specific discovery requests.

<u>Conclusion</u>

For the foregoing reasons, Zimmer's motion for protective order [DE 656] is hereby DENIED.

Further, discovery, as outlined in this order and at the December 12, 2008, telephone hearing, is extended for 90 days from the date of this order.

Entered: December 12, 2008.

<u>s/ William C. Lee</u><br>
William C. Lee, Judge<br>
United States District Court