UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ZIMMER TECHNOLOGY, INC., and ZIMMER, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL NO. 3:02cv425 ) |
| HOWMEDICA OSTEONICS CORP. | ) ) ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on a "Motion to Clarify the Court's Grant of Howmedica's Motion in Limine No. 2 (Phase 2 - Infringement): Comparison of Structures", filed by the plaintiffs, Zimmer Technology, Inc., and Zimmer, Inc. ("Zimmer"), on February 20, 2009. The defendant, Howmedica Osteonics Corp. ("Howmedica"), filed its response on March 9, 2009, to which Zimmer replied on March 23, 2009.

For the following reasons, the motion to clarify will be denied.

Discussion

On November 25, 2008, this court entered an order on a motion in limine precluding Zimmer "from making any arguments or references at trial (either through statements of counsel or by eliciting testimony from witnesses) that compare any structures other than those used in Howmedica's accused products to the claimed structure of the '313 patent." [DE 670]

Zimmer now requests clarification that the Order does not exclude comparisons between structures already established as "used in Howmedica's accused products" or as "claimed structure." For example, Zimmer seeks to clarify that the Order does not exclude comparisons that show the interchangeability between structures such as threaded connections without lock

nuts and tapered connections with augmentation screws.  Zimmer argues that the Federal Circuit specifically cited such evidence as not only relevant to the infringement questions, but as substantial evidence sufficient to defeat Howmedica's motion for summary judgment of non-infringement.  <u>Zimmer v. Howmedica Osteonics Corp.</u>, 111 Fed. Appx. 593, 601 (Fed Cir. 2004).  Zimmer claims that to the extent that Howmedica attempts to exclude evidence of equivalence of threaded connections without lock-nuts and tapered connections with augmentation screws, such exclusion runs counter to the law of the case established by the Federal Circuit.

Howmedica objects to Zimmer's current motion, claiming that the motion relies solely on a new argument and that, in any event, Zimmer's new "law of the case" argument is meritless.  Howmedica points out that Zimmer acknowledges that this court applied the correct legal standard.  Howmedica further points out that the Federal Circuit never ruled on the admissibility of threads-only (or Morse taper plus augmenting screw) evidence, but only ruled that genuinely disputed issues of material fact exist that preclude entry of summary judgment of noninfringement.  Zimmer, however, counters with the argument that the Federal Circuit implicitly ruled that the evidence was admissible because non-admissible evidence could not have created a genuine issue of material fact.

It is not clear to this court that the admissibility of the evidence was squarely presented to the Federal Circuit in such a fashion that the ruling on summary judgment constitutes the "law of the case" on the issue of what specific evidence is admissible at trial.  If and when this becomes an issue at trial, the parties may approach the bench and ask for a ruling on the evidence vis-a-vis the Federal Circuit's ruling.  At that time the issues and evidence will be more fully fleshed out

for the court, and a proper ruling will be made. Until that time, the current order on the motion in limine will stand.

## Conclusion

On the basis of the foregoing, Zimmer's motion for clarification is hereby DENIED.

Entered: June 25, 2009.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court