UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ZIMMER TECHNOLOGY, INC., and ZIMMER, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL NO. 3:02cv425 ) |
| HOWMEDICA OSTEONICS CORP. | ) ) |
| Defendant. | ) ) |

OPINION AND ORDER

This matter is before the court on a "Motion for Reconsideration and Clarification of the Court's November 25, 2008 Order Granting Howmedica's 'Motion in Limine No. 3 (Invalidity)' (D. 668)", filed by Zimmer Technology, Inc., and Zimmer, Inc. ("Zimmer") on February 20, 2009. Howmedica Osteonics Corp. ("Howmedica"), filed its opposition on March 9, 2009, to which Zimmer replied on March 23, 2009.

For the following reasons, the motion will be denied.

Discussion

On November 25, 2008, this court entered an order granting Howmedica's Motion in Limine No. 3 (Invalidity). In its motion in limine, Howmedica has requested an order precluding Zimmer from making any arguments or references at trial that the absence of a feature in a prior art reference is evidence "teaching away" from that feature. Howmedica's concern was that Zimmer intended to argue at trial that because a custom implant prior art reference lacks modularity, it necessarily teaches away from modularity. Howmedica asserted that Zimmer's position was incorrect, employed circular logic, and was a mischaracterization of the law of nonobviousness.

After considering the briefs and legal authorities, this court agreed with Howmedica's position that "Zimmer should not be permitted to argue that two prior art references 'teach away' from each other based on either (1) the absence of a feature or (2) a prior art reference's 'primary purpose'". (Order at 4). The court further noted that Zimmer has claimed that it does not intend to present evidence beyond the parameters of "teaching away" doctrine, and if Zimmer proceeded as it claimed it would, then the motion in limine would be moot.

Despite Zimmer's protestations that Howmedica's motion in limine misconstrued Zimmer's intentions at trial, and that the motion in limine was not even necessary, the order granting the motion in limine has certainly struck a nerve with Zimmer. Zimmer's current motion for reconsideration argues that "[r]ecent case law not previously considered confirms that, under KSR, the fact that alleged prior art solves a problem, or serves a purpose, different from a claimed invention is directly relevant to the issue of obviousness." Zimmer then cites to the non-precedential decision of Anderson Corp. v. Pella Corp., Case No. 2007-1536, 2008 WL 4927431 (Fed. Cir. Nov. 19, 2008), wherein the Federal Circuit held that, in that case, it was a question of fact whether the nature of the problem to be solved by the claimed invention for an insect screen would have made it obvious to a person of skill in the art to use the prior art mesh for electromagnetic shielding, and that the Court did not require an express teaching away. Id. at *4. Zimmer also cites to Farrago v. Rawlings Sporting Goods Co., Inc., Case No. 4:06-CV-958 CEJ, 2008 WL 880178 at *12-13 (E.D. Mo. Mar. 31, 2008).

As Howmedica notes, Anderson involved two separate and distinct issues: (1) whether different prior art references are from "analogous art" (an issue that Zimmer has conceded in this case), and (2) whether certain prior art references expressly taught that the prior art mesh

2

contained "undesirable characteristics." See Andersen, 2008 U.S. App. LEXIS 24087 at **8-12 (genuine issue of material fact existed as to whether prior art reference would "have been part of the field of invention searched by an insect screen designer," i.e., an analogous art issue) and **12-17 ("Andersen also submitted into the record prior art references that taught away from using the TWP mesh as an insect screen.")

Howmedica argues that Zimmer's characterization of Anderson as holding that prior art references "teach away" if they are directed to different purposes is erroneous. (See D. 688 at 2.) To the contrary, each of the portions of Anderson cited by Zimmer relates to the "field of endeavor" test for non-analogous art—not the "teaching away" issue that is here disputed. (See, e.g., D. 688 at 2, citing Anderson Corp., 2008 U.S. App. LEXIS 24087 at *11.) The only "teaching away" issues in Anderson dealt not with whether the prior art references were generally directed to different problems, but rather consisted of express teachings that the key prior art reference "possessed many characteristics that an ordinary skilled insect screen designer would have viewed as undesirable for an insect screen." Id. at *12-13.

Howmedica argues that Anderson does not "confirm" Zimmer's position but, rather, is entirely consistent with this Court's ruling. Howmedica opines that Zimmer's argument that Anderson permits a party to argue a "teaching away" based on the purpose or problem of a prior art reference is illogical and directly contradicts KSR. For example, Zimmer asks the Court to reverse its ruling that "Zimmer [is] not permitted to argue that two prior art references 'teach away' from each other based on a … a prior art reference's 'primary purpose.'" (D. 688 at 5.) But KSR clearly holds that it is legal error to assume "that a person of ordinary skill attempting to solve a problem will be led only to those elements of prior art designed to solve the same

3

problem." See KSR, 127 S. Ct. at 1742. See also Nat'l Steel Car, Ltd. v. Canadian Pac. Ry., Ltd., 357 F.3d 1319, 1339 (Fed. Cir. 2004) ("A finding that two inventions were designed to resolve different problems, however, is insufficient to demonstrate that one invention teaches away from another.").

With respect to Farrago, Howmedica points out that Farrago improperly required that the "teaching, suggestion, or motivation" test be applied, an approach explicitly rejected by KSR. Howmedica points out that this lone Missouri District Court case is the only alleged support Zimmer has for its legally erroneous view of invalidity law post-KSR.

Zimmer does not explicitly reject Howmedica's arguments, but only presents the now-familiar refrain that Howmedica did not address its substantive arguments. Specifically, Zimmer states that "Howmedica never disputes Zimmer's central premise that evidence about the purpose of, and problem solved by, prior art is relevant to the obviousness inquiry, even after KSR was decided." (Reply brief at 3). Here Zimmer appears to be broadening its scope to include evidence relevant to the entire obviousness inquiry, rather than limiting the scope to what evidence can be used to support a "teaching away" argument, which was the focus of the original motion in limine.

It is apparent to this court that the issue before it cannot be clarified any further by way of motions to reconsider. One gets the impression that Zimmer is trying to get a ruling that it can use as a weapon at trial, whereas Howmedica's original motion in limine merely requested a shield from the improper use of the "teaching away" doctrine. As always in motions in limine, the conclusive ruling can only be made at trial where, if necessary, the court has been advised of the evidence intended to be presented. This is even more true in a complex patent case like the

one at bar.  Essentially, a further ruling on this issue by this court at this time is more likely to cause further confusion and maneuvering by the parties than to resolve a concrete and definitive evidentiary issue.  Thus, the court will deny the motion to reconsider.

## Conclusion

Based on the foregoing, Zimmer's motion for reconsideration and clarification [DE 688] is hereby DENIED.

Entered: June 25, 2009.

s/ William C.  Lee  
William C. Lee, Judge  
United States District Court