UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ZIMMER TECHNOLOGY, INC., and ZIMMER, INC., ) ) | |
| Plaintiffs, ) ) | |
| v. ) | CIVIL NO. 3:02cv425 |
| ) HOWMEDICA OSTEONICS CORP., ) ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the court on three discovery-related motions. On March 3, 2009, Zimmer Technology, Inc., and Zimmer, Inc., ("Zimmer"), filed a "Motion for Protective Order to Limit Number of Requests for Admission" [DE 690]. Howmedica Osteonics Corp., ("Howmedica") filed its response on March 23, 2009, to which Zimmer replied on April 6, 2009.

On March 5, 2009, Howmedica filed a "Motion to Compel Sanctions-Related Discovery" [DE 693]. Zimmer responded to the motion on March 23, 2009, to which Howmedica replied on April 6, 2009.

Also on March 5, 2009, Zimmer filed a "Motion for Protective Order on Document Specific Logging of Litigation Documents Requested in Howmedica's Requests for Production Nos. 89-100" [DE 695]. Howmedica responded to the motion on March 23, 2009, to which Zimmer replied on April 6, 2009.

## Discussion

The issues raised by the three discovery motions are (1) how many requests for admission can Howmedica submit to Zimmer in this phase of the case; (2) is Zimmer required to comply with certain document requests or list them on a privilege log if claiming attorney-work

privilege as to these documents; and (3) is Zimmer required to fully answer certain interrogatories and document requests relating to its search for the IB-II documents, and also produce a Rule 30(b)(6) deposition witness on this topic?

As to the first issue, regarding how many requests for admission may Howmedica serve on Zimmer, Zimmer notes that the Scheduling Order in this case sets a limit of 40 requests for admission on both parties. [DE 132] Prior to the close of discovery in 2007, Howmedica used 39 of these 40 requests. After this Court reopened discovery in October 2008, Howmedica served 43 new requests (Nos. 40-82) on October 24, and then another 10 new requests (Nos. 83-93 on November 19. After this court's December 12, 2008 Order, Howmedica demanded that Zimmer respond to Requests Nos. 40-61, 63, 71-74, 78-82, 83-85, and 97-90 (in addition to those requests to which Zimmer had previously responded), and simultaneously served new Requests for Admission Nos. 94-117. Zimmer objected to the number of requests, and the parties engaged in discussions to attempt to reach a compromise, which discussions were only partially successful.

In its motion for protective order, Zimmer asserts that Howmedica must still follow the limits on discovery set forth in the court's Scheduling Order and the Federal and Local Rules. Howmedica contends that the Scheduling Order no longer applies because the court re-opened discovery into the sanctions issues, and it would make no sense to limit Howmedica to its one remaining request for admission provided for in the Scheduling Order. Apparently somewhat conceding to the logic of Howmedica's argument, Zimmer has agreed to answer 80 requests for admission (the ones it has already answered), but no more. Howmedica objects to this arbitrary number, and insists that Zimmer should not be allowed to limit discovery and to pick and choose

2

which requests it will answer.

Zimmer claims that the number of requests Howmedica has submitted is unreasonable and fears that Howmedica is seeking unlimited discovery. Howmedica, however, repeatedly asserts that it has no intention of seeking unlimited discovery and notes the absence on Zimmer's part of any claim of "annoyance, embarrassment, oppression, or undue burden or expense" if it were to be required to answer all of the requests submitted to date.

This court agrees with Howmedica that it did not set a limit on Howmedica's sanctions-related requests for admission. Clearly, when the court re-opened discovery on October 14, 2008, the 2005 Scheduling Order (by its own terms) no longer controlled the course of discovery. Howmedica has informed the court that the disputed Requests for Admission are simple requests for which Zimmer's lawyers undoubtedly already know the answers. Howmedica claims that it should not be time-consuming or prejudicial for Zimmer to answer the requests, and notes that the parties have already spent much more time arguing about discovery than it would have taken to simply provide the requested answers.

Howmedica acknowledges that on October 24, 2008, it served a set of 42 Requests for Admission that Howmedica believed at the time would fully address the sanctions issues. On November 13, 2008, however, Zimmer produced over 700 pages of additional IB-II documents. Thus, Howmedica served another 10 Requests specifically directed to those additional documents. Subsequently, claims Howmedica, even more probative facts came to light during the sanction-related depositions of Zimmer's witnesses and, in response, Howmedica served an additional 24 Requests. In total, Howmedica served 77 Requests for Admission relating to Zimmer's litigation misconduct, the late-produced IB-II documents, and information flowing

3

from the IB-II documents. Howmedica argues that the total number of Requests is not unreasonable, especially due to the simplicity of the Requests, for which Zimmer's lawyers undoubtedly already know the answers.

Zimmer has not disputed that the Requests are simple and easily answered. Nor has it presented any argument against answering the Requests other than it thinks the total number of Requests is unreasonable and it fears Howmedica will submit even more Requests in the future if it is not stopped now.

The court, after due consideration, has determined that Zimmer's motion for protective order must be denied. It is clear that Howmedica's Requests for Admission were triggered by specific litigation events, and were not simply posed for the purpose of aggravation or an unwarranted fishing expedition. Thus the court will not at this time limit Howmedica's Requests for Admission, but notes that the total number is clearly approaching the outer limits of acceptability in the absence of further triggering events.

The next issue concerns whether Zimmer must answer certain document requests (Nos. 89-98, 100[1]), or list documents on a privilege log. After receiving Howmedica's document requests, Zimmer responded that no non-privileged documents exist. Yet, Zimmer also refused to list the documents it is withholding on a privilege log, thereby preventing Howmedica or the court from knowing what documents exist, how many documents exist, and whether the documents are, in fact, entitled to privilege or work product protection.

Zimmer, in its motion for protective order on this issue, claims that Howmedica's requests for production of documents exclusively seek documents protected by the attorney-

---

[1] Howmedica has withdrawn request No. 99.

client privilege and the work product doctrine, as they target the mental impressions, analyses, and decisions of Zimmer's trial counsel relating to the collection, review, and production of documents in response to discovery requests as well as the communications of such information between Zimmer and its counsel. Zimmer contends that there can be no real dispute that these litigation-derived documents are protected by the attorney-client privilege and work product doctrine, and that such documents would not be produced or even individually logged in any case.

Zimmer acknowledges that Rule 26(b)(5) of the Federal Rules of Civil Procedure requires that Zimmer identify the basis of the privilege in a manner that will enable Howmedica to assess the applicability of the privilege or protection, and claims that it has done so without the need for a document-specific log. Zimmer points out that the Federal Rules of Civil Procedure do not mandate creation of a document-by-document privilege log. Zimmer argues that a privilege log would be unduly burdensome and may also risk revealing the very information – mental impressions relating to the prosecution of the litigation – that the attorney privilege and the work product doctrine are intended to protect. Zimmer also points out that the parties had previously agreed, before sanctions became an issue, that documents were not required to be listed on a privilege log.

Zimmer submits that a document-specific privilege log of the attorney notes, draft discovery responses, email correspondence between Zimmer counsel and between Zimmer counsel and Zimmer, and other documents that Howmedica may decide to seek through its requests is an unwarranted and unjustified burden and intrusion on Zimmer, Zimmer's counsel, and the attorney-client privilege and work product doctrine. Zimmer notes that it has already

provided sufficient information to Howmedica through its objections and interrogatory responses, and that a privilege log would not be of further benefit in assessing the asserted privileges.

Howmedica, however, states that it is asking Zimmer to log its allegedly privileged documents so that Howmedica and the court can determine (1) whether any non-privileged documents have been withheld, and (2) whether the "at issue" waiver or "crime fraud" exceptions apply. Howmedica claims that Zimmer seeks to withhold highly relevant court-ordered discovery based on a blanket claim of privilege, not provide any related privilege log, and thereby prevent Howmedica or the court from testing Zimmer's claims of privilege. Howmedica asserts that a privilege log is particularly reasonable in the present case. Howmedica worries that allowing Zimmer to assert the attorney-client privilege or work product immunity, while at the same time excusing Zimmer from providing a log of withheld documents, would improperly give Zimmer free reign to withhold any discovery into its conduct, with no check by Howmedica or the court into whether Zimmer's objections are justified.

Howmedica correctly argues that the parties' prior agreement not to log documents does not apply to the current situation where Zimmer's post-filing litigation conduct has expressly become the subject of court-ordered discovery. See <u>BASF Aktiengesellschaft v. Reilly Indus.</u>, 283 F. Supp. 2d 1000, 1006 fn3 (S.D. Ind. 2003)(ordering party to provide a privilege log of post-filing documents where the post-filing documents were directly relevant to issue in case).

With respect to Zimmer's claim that a privilege log would itself reveal protected communications, Howmedica argues that this claim is unsupported and not credible. Howmedica contends that Zimmer has failed to identify any specific way in which a privilege

6

log would reveal protected communications. With respect to Zimmer's claim that creating a privilege log would be unduly burdensome, Howmedica again notes that Zimmer has failed to identify any specific way in which it would be burdened. In reply, however, Zimmer claims that the breadth of Howmedica's requests would require Zimmer to retrace steps taken at least three years ago by multiple attorneys at different firms, some of whom are no longer employed by the firms representing Zimmer, and access the email archives of Zimmer's counsel on multiple computer systems, just to catalog a series of documents that Howmedica does not dispute are privileged or work-product materials.

Clearly Howmedica has the better position on the issue of the privilege log. It makes perfect sense, under the circumstances of this case at this point in time, for Zimmer to be required to submit a privilege log of documents it wants to withhold on the basis of privilege. Although such a log may be somewhat burdensome to Zimmer, presumably Zimmer had to undertake at least part of the burden anyway, to formulate its objections to the requests. With modern computerized record-keeping and archiving, the court is not convinced that it is unduly burdensome to require Zimmer to retrace the steps of its attorneys. Surely each attorney involved, whether currently employed by Zimmer or not, kept a detailed record of time spent on the case for billing purposes. Likewise, email archives are easily, quickly and thoroughly searched with currently-available searching software. As currently formulated, Zimmer's objections to the privilege log ring hollow. Accordingly, Zimmer's motion for protective order will be denied.

The next issue raised by the three discovery motions under consideration here is whether Zimmer has improperly limited discovery into its prior IB-II document searches to one 2006

7

Howmedica document request (i.e., document request No. 69). Howmedica's pending Motion for Sanctions alleges that prior to 2008 Zimmer never bothered to search its IB-II knee system files in connection with certain Howmedica Document Requests served long ago. Howmedica states that Zimmer's own witness testimony has confirmed that many of the IB-II system documents now finally produced are responsive to years-old Howmedica discovery requests.

Howmedica now asserts that Zimmer continues to evade full discovery into this issue. For example, Zimmer refuses to fully answer interrogatories or provide a Rule 30(b)(6) deponent on the topic of its failure to search its IB-II system document files in connection with all of Howmedica's discovery requests. Rather, Zimmer attempts to limit its sanctions-related discovery responses to the search it allegedly conducted in 2006 with respect to only one document request (i.e., Document Request No. 69). Howmedica now argues that Zimmer's incomplete answers are improper and that Zimmer should be ordered to provide complete discovery.

More specifically, Howmedica contends that Zimmer has refused to fully answer Interrogatory Nos. 21, 23, and 29, which relate to Zimmer's IB-II document search efforts. Howmedica claims that, in response to these Interrogatories, Zimmer has only provided information relating to its alleged IB-II document search efforts in connection with one prior document request (No. 69). Zimmer's responses go on for pages about a January 2006 meet-and-confer conference between Zimmer and Howmedica (relating only to Document Request Nos. 69-70), and Zimmer's subsequent search for these documents. Howmedica claims that Zimmer has completely ignored Howmedica's numerous other Document Requests that cover the IB-II documents.

Zimmer claims, in response, that it has fully answered Howmedica's Interrogatories Nos. 21, 23, and 29. Zimmer states that these Interrogatories seek specific and focused information related to IB-II project history file documents that Zimmer produced to Howmedica in September 2008. Zimmer contends that these interrogatories are not broadly phrased to elicit information about every aspect of discovery but, rather, seek specific information concerning specific documents in the IB-II files. That is, each of the interrogatories requests that Zimmer provide information, including the earliest date on which Zimmer's counsel became aware of certain IB-II documents, the date that Zimmer's counsel first received the documents, the locations of where the documents are maintained at Zimmer, and the individuals involved in collecting and providing documents to Zimmer's counsel. Zimmer states that its January 29 responses provide the information requested in Howmedica's interrogatories, and that Howmedica has not and cannot point to any information requested in the interrogatories that Zimmer has not provided.

Howmedica, in reply, states that "Zimmer's refusal to provide the requested information is apparently based on its mistaken belief that it was not required to search for or produce IB-II documents in connection with any Howmedica Document Request besides Request No. 69." Howmedica argues that even if Zimmer's position were true, it does not excuse it from completely answering Howmedica's interrogatories and that, if it only searched the IB-II documents in 2006 in connection with Document Request No. 69, it should answer Howmedica's Requests by clearing stating that fact. But if Zimmer did search the IB-II documents in connection with its 2005 objections to producing the IB-II documents in response to Howmedica's other Requests, it should state that fact, as this information is directly requested

9

in Howmedica's sanctions-related interrogatories which broadly ask for all information on Zimmer's search efforts regarding the IB-II documents. Howmedica further states that the required information would likely not take more than a few sentences in Zimmer's Interrogatory Responses.

After careful consideration of this issue regarding Interrogatory Nos. 21, 23 and 29, the court concludes that Zimmer must answer the Interrogatories to the best of its ability, even if its only answer is to state that it only searched the IB-II documents in 2006 in connection with Document Request No. 69.

A related sub-issue concerns Howmedica's assertion that Zimmer has refused to produce a witness on the full scope of Rule 30(b)(6) deposition topics 3, 4, 7-13, which relate to Zimmer's IB-II document search efforts. Howmedica states that the deposition topics are unquestionably not limited to Document Request No. 69 but, rather that many of them expressly seek a designee to testify regarding Zimmer's document searches (or lack thereof) in connection with Howmedica's Document Request Nos. 8, 35, 37, 48, 49 and 69-70.

Howmedica alleges that Zimmer has refused to provide any Rule 30(b)(6) deponent to testify regarding all of its alleged search efforts for IB-II documents, agreeing only to produce a witness for Document Request No. 69, even though the topics are on their face broader.

Zimmer, however, argues that Howmedica's complaints on this issue make no sense, and that Howmedica's requests are not even properly focused on the IB-II documents as it claims. According to Zimmer, Howmedica's assertions that it has improperly limited its responses is completely incorrect, as Zimmer's objections simply clarified that it would provide a witness to testify to IB-II document collection in 2005 and 2006 and not on the virtually unlimited scope of

the topics as worded or to subject matter reflecting the mental impressions of Zimmer's trial counsel. Zimmer states that it agreed to provide a witness to testify to non-privileged and non-protected subject matter known or reasonably available to Zimmer with respect to "Zimmer's search for documents in 2006 pursuant to the parties' meet-and-confer in January 2006 and correspondence related to that meet-and-confer ((Topic Nos. 3-4) and "Zimmer's search for Insall-Burstein II documents in 2005 and 2006 pursuant to the parties' meet-and-confer in January 2006 and correspondence related to that meet-and-confer" (Topic Nos. 8-13). Zimmer states that, in any event it has already agreed to provide a Zimmer witness to testify regarding the full scope of IB-II document collection and production in 2005 and 2006. Zimmer further states that while the facts related to the 2005 production are already set forth in Zimmer's interrogatory responses, Zimmer will provide a witness to testify to those facts if Howmedica so requests.

Howmedica is not happy with Zimmer's resolution of this issue and, in reply, continues to request that the court compel Zimmer to provide a deponent on the full scope of Rule 30(b)(6) Topics 3, 4, 7-13. Howmedica points out that Zimmer has agreed to only provide a deponent narrowly limited to Zimmer's search for IB-II documents in connection with a meet-and-confer conference on Document Request No. 69. Howmedica asserts that regardless of Zimmer's position that it was allegedly not required to perform a search of the IB-II documents in response to these Requests, it must still provide a deponent who can testify under oath as to whether Zimmer performed such a search in the first place (required or not). Howmedica argues that this information is highly relevant in view of Zimmer's objections to producing the IB-II documents on the basis of alleged non-responsiveness, relevance, and undue burden, because if Zimmer never even looked at the IB-II documents before making its objections, this failure highlights the

11

impropriety of Zimmer's discovery conduct.

While this issue appears to have been blown out of proportion to the actual discovery dispute, it is clear to the court that Howmedica is entitled to have access to a Rule 30(b)(6) witness who will testify with respect to the deposition Topics 3, 4, 7-13. Zimmer may make any and all relevant objections during the deposition (irrelevance, attorney-client privilege, etc), but it cannot refuse to provide a deponent simply because it has a blanket objection to the proposed deposition Topics as outlined by Howmedica.

<u>Conclusion</u>

On the basis of the foregoing:

(1) Zimmer's "Motion for Protective Order to Limit Number of Requests for Admission" [DE 690] is hereby DENIED. Zimmer is ordered to submit complete answers to Howmedica's Request for Admission Nos. 81-82 (October 24, 2008 Requests), 83-85, 87-90 (November 19, 2008 Requests), and 94-117 (December 19, 2008 Requests).

(2) Zimmer's "Motion for Protective Order on Document Specific Logging of Litigation Documents" [DE 695] is hereby DENIED. Zimmer is ordered to produce all documents responsive to Howmedica Document Request Nos. 89-98 and 100, or a detailed privilege log describing on a document-by-document basis Zimmer's assertions of attorney-client privilege or work-product immunity.

(3) Howmedica's "Motion to Compel Sanctions-Related Discovery" [DE 693] is hereby GRANTED. In addition to the rulings in (1) and (2) above, the court orders Zimmer to produce

complete answers to Interrogatory Nos. 21, 23, and 29 (i.e., Zimmer's IB-II search efforts with respect to all of Howmedica's 2005-06 discovery Requests).

Entered: June 25, 2009.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court